[No. 2432]

## THE STATE OF NEVADA, Ex Rel. W. J. P. LAWTON, Petitioner, *v.* THE PUBLIC SERVICE COMMISSION OF NEVADA AND RENO TRACTION COMPANY (A CORPORATION), RESPONDENTS.

[190 Pac. 284]

1. MANDAMUS—WILL NOT LIE TO COMPEL PUBLIC SERVICE COMMISSION TO ANNUL ORDER DISCONTINUING STREET-CAR SERVICE.

   Where the public service commission has at the instance of a traction company made an order allowing it to permanently discontinue service over certain streets, mandamus will not lie to compel the commission to annul such order, in view of Rev. Laws, 5695, providing that the writ may be issued to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station; there having been no refusal on part of commission to perform any duty conferred upon it.

2. MANDAMUS—WRIT WILL NOT LIE TO COMPEL TRACTION COMPANY TO CONTINUE SERVICE NOT DISCONTINUED.

   Where the public service commission has issued an order allowing a traction company to discontinue service over certain streets, mandamus will not lie against the company to compel it to continue service, where the petition fails to show that service has been discontinued, notwithstanding that it applied to the commission for the order of discontinuance.

3. MANDAMUS — WRIT WILL NOT BE GRANTED IN ANTICIPATION OF SUPPOSED OMISSION OF DUTY.

   Mandamus is never granted in anticipation of a supposed omission of duty, however strong the presumption may be that the persons whom it is sought to coerce by the writ will refuse to perform their duty when the proper time arrives.

4. MANDAMUS—DUTY TO CONTINUE STREET-CAR SERVICE NOT CONSIDERED, IN ADVANCE OF ACTUAL DISCONTINUANCE.

   In proceedings for mandamus to compel the public service commission to annul an order to allow a traction company to discontinue service over certain streets, and to compel the traction company to continue such service, whether it is the traction company's legal duty to continue service, cannot be determined in advance of actual discontinuance of service.

ORIGINAL PROCEEDING in mandamus by the State of Nevada, on relation of W. J. P. Lawton, against the

Public Service Commission of Nevada and another. **Write denied, alternative writ quashed, and proceedings dismissed.**

*McCarran, Miller & Mashburn* (*J. W. Gignan,* of Counsel), for Petitioner:

The order of the public service commission, being an absolute nullity, for the reason that it is against the law and without the jurisdiction of the commission, may not be considered by this court in determining the question as to whether or not the writ should issue in this case. "Mandamus is the proper remedy when the case is outside the exercise of the discretion of the inferior court, and is one of irregularity, or against law, or without jurisdiction." Ex Parte Bradley, 7 Wall. 364. "The power to compel such an officer to proceed to trial and determination of a case which it is his duty to hear and decide necessarily includes within it the power to compel him to reverse and set aside any erroneous decision he may have made to the effect that he will not proceed to such a trial and judgment." Barber Co. v. District Judge, 132 Fed. 945.

The petitioner has no plain, speedy, and adequate remedy at law. "While the remedy by mandamus * * * is not available where there is a plain, speedy, and adequate remedy at law, it is not deprived of jurisdiction where the remedy * * * is not adequate to afford relief in the existing emergency." 18 R. C. L. 14; Raisch v. Board, 22 Pac. 890; State v. Kansas Postal Tel. C. Co., 150 Pac. 544.

*Leonard B. Fowler,* Attorney-General; *Robert Richards,* Deputy Attorney-General, and *Goodfellow, Eells, Moore & Orrick* (*C. J. Goodell,* of Counsel), for Respondents:

The demurrers should be sustained, and the motions to quash the alternative writ and dismiss the proceedings should be granted.

Mandamus does not lie in this proceeding against the

public service commission. Rev. Laws, 5695. The alternative writ commands and enjoins the commission to set aside and nullify its order and refrain and desist from in anywise making said order effective. Neither the language of the prayer nor that of the writ directed against the commission is designed to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station. The duty, the performance of which is compelled, must be especially enjoined. Humboldt County v. County Commissioners, 6 Nev. 30; State v. Gracey, 11 Nev. 223. "It needs no citation of authority to support the well-established rule that the writ of mandamus * * * serves only to compel the doing of some act which it is the clear legal duty of the lower court in some way to do." State ex rel. Freyesleben v. District Court, 40 Nev. 163.

The proceeding, instead of being one to compel the performance of an act which the law especially enjoins as a duty, is one to arrest the proceedings of the commission. Instead of compelling action, its seeks to set aside and nullify an act already done. "But, if such power does not exist, * * * then the issuance of the peremptory writ by this court requires that we consider and determine that respondent exceeded his power and jurisdiction—a question which cannot be considered and determined in mandamus. Adhering to the settled rules of the law, we must hold that, under the facts of this record, mandamus will not lie." State ex rel. Office Specialty Mfg. Co. v. District Court, 26 Nev. 347.

It appears from the petition herein that the commission has acted. Its order stands as valid and subsisting, whether erroneous or not. "It was never intended that this court, through the agency of some extraordinary writ, should be made the instrument for furnishing legal advice to boards, commissions, and officers." State of Nevada ex rel. Brown v. Nevada Industrial Commission, 40 Nev. 220.

Petitioner seeks to have this court control the action
of the commission in a matter where it had to exercise
its judgment and discretion, and determine questions of
fact.   The commission heard and weighed evidence and
arrived at a conclusion; there was no mere ministerial
duty.   "A subordinate body can be directed to act, but
not how to act, in a matter as to which it has the right
to exercise its judgment; and, where it is vested with
power to determine a question of fact, the duty is
judicial; and, however erroneous its decision may be, it
cannot be compelled by mandamus to alter its deter-
mination."   Hoole v. Kinkead, 16 Nev. 217; State ex rel.
Holley v. Boerlin, 30 Nev. 473.

By the Court, DUCKER, J.:

This is an original proceeding in mandamus.

The petition of W. J. P. Lawton shows, among other
matters, that on August 24, 1904, the city council of the
city of Reno, a municipal corporation, approved an
ordinance granting to certain persons, their successors
in interest or assigns, the right to construct, maintain,
and operate a street-car line over, across, and upon cer-
tain streets, alleyways, and avenues of said city.   The
franchise privileges granted thereby were duly accepted
by them, and thereafter assigned to the defendant, Reno
Traction Company, a corporation organized and exist-
ing under and by virtue of the laws of California, which
now owns and holds said franchise, and by virtue thereof
has constructed, maintains, and operates street-car lines
over and across and upon certain streets of the city of
Reno.   On the 4th day of September, 1919, the said Reno
Traction Company made an application to the Public
Service Commission of Nevada for an order permitting
it to permanently discontinue all service upon and over
certain branches of its street-car lines in said city.   In
pursuance of said application and after notice duly
given, the public service commission held a public hear-
ing, and on the 22d day of December, 1919, made and

filed an order authorizing the Reno Traction Company to permanently discontinue service over the street-railway lines designated in the application. The order was made effective January 15, 1920. The commission afterwards amended this order making it effective on January 20, 1920.

The petition sets forth further, that by reason of said franchise, its terms and conditions, and the acceptance thereof by the Reno Traction Company and its predecessors, the construction, maintenance, and operation of the street-car lines and street-car service on the streets of the city of Reno, and especially by reason of those designated in the order of discontinuance by the commission, property rights have been acquired by many of the citizens of the city of Reno, homes have been constructed, money been expended by such citizens and taxpayers, as well as by the municipal corporation itself, in the paving and improving of the streets, establishment, and maintenance of sewerage systems and other essential municipal improvements; that the public service commission, unless otherwise directed by the mandate of this court, will cause its order of permanent discontinuance of street-car service to become effective January 20, 1920, and that the company will discontinue such service to the irreparable injury of the petitioner and other citizens and taxpayers of the city of Reno in their property and property rights, acquired and depending on such service. This service, it is alleged, is a business of public nature, and has become and now is a public necessity, and one upon which petitioner, as a householder in the proximity of one of said street-car lines, as well as a great number of citizens of said city, have become wholly dependent for transportation to and from their respective homes and places of business, and that the public welfare of these citizens whose homes and properties lie adjacent to, or in the proximity of, the streets and avenues named in the order is for the same reason dependent upon and involved in such service.

It is also alleged that the public service commission in making and entering the order exceeded its jurisdiction, in that by the order it attempts to nullify the terms, conditions, and obligations of a written contract mutually entered into between the municipality of the city of Reno, a corporate body, and the Reno Traction Company, a public service corporation, and that the order is therefore null and void; the petitioner, as well as a great number of citizens, taxpayers, and householders of the city of Reno, has no plain, speedy, and adequate remedy in the ordinary course of law.

Petitioner prays that an alternative writ of mandamus issue out of this court, commanding the public service commission to refrain and desist from in any wise enforcing or making effective said order, and commanding and directing the commission to nullify and set the order aside, and commanding the Reno Traction Company to continue service.

Upon this petition the alternative writ was issued by this court, commanding the commission to set the order aside and the company to continue the service, or appear and show cause why the mandate and order should not be made peremptory and effective.

The public service commission and the Reno Traction Company demurred to the petition, the former upon the ground that the petition does not state facts sufficient to constitute a petition for a writ of mandamus or to warrant its issuance, and the latter upon the same grounds, and, in addition thereto, that there is a misjoinder of parties defendant, and that this court has no jurisdiction of the subject - matter of the proceedings. The commission and the company also filed their respective answers to the petition.

In this proceeding the jurisdiction of the public service commission to make the order authorizing the Reno Traction Company to discontinue street-car service over the streets designated in the order is challenged upon the ground that the ordinance of the city of Reno and the acceptance of the franchise privileges thereby

accorded by the company and its predecessors constitute a legal contract which the commission cannot abrogate without the consent of the parties. The demurrers present the question as to whether mandamus is a proper remedy to inquire into the jurisdiction of the commission to make the order of discontinuance complained of by petitioner. We are of the opinion that mandamus will not lie against either of the defendants.

1. There has been no refusal on the part of the commission to perform any duty enjoined upon it. The writ is not sought to stimulate the commission to action pursuant to some legal duty, but rather to cause it to undo the result of action taken in a matter in which its jurisdiction has been invoked in conformity with the statute defining its powers over public utilities in this state. Mandamus is ordinarily a remedy for official inaction, and will not lie to undo what has been done. 26 Cyc. 158.

As set out in the foregoing statement of facts, the prayer of the petition is that an alternative writ of mandamus issue out of this court, commanding the public service commission to refrain and desist from in any wise enforcing or making effective its order, commanding and directing said Public Service Commission of Nevada to nullify and set aside said order.

The function and scope of the extraordinary writ of mandamus have been clearly and definitely defined by the statutes of this state and by the decisions of this court, as pointed out and discussed by counsel for the commission and the company in oral argument, and in their briefs. That part of section 5695 of the Revised Laws of Nevada applicable in this proceeding reads:

"It [the writ of mandamus] may be issued by the supreme court, a district court, or a judge of the district court, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station. * * * *"

Discussing the office and scope of the writ under this statute, this court, in State v. Gracey, 11 Nev. 223, said:

"To justify the issuance of the writ to enforce the performance of an act by a public officer, two things must concur: The act must be one the performance of 'which the law especially enjoins as a duty resulting from an office,' and the actual omission on the part of the respondent to perform it. It is incumbent on the relator to show, not only that the respondent has failed to perform the required duty, but that the performance thereof is actually due from him at the time of the application."

Again, in State of Nevada ex rel. Freyesleben v. Ninth Judicial District Court, 40 Nev. 168, 161 Pac. 510, this court, referring to the function of the writ of mandamus, declared that:

"It needs no citation of authority to support the well-established rule that the writ of mandamus will not assume the functions of a writ of error, nor will it serve to require the inferior tribunal to act in a particular manner or to enter any particular judgment or order. On the contrary, it serves only to compel the doing of some act which it is the clear legal duty of the lower court in some way to do."

Other decisions of this court, which need not be alluded to specially, express the same view that mandamus is in no wise a preventive remedy, into which it is sought to be converted in this case.

"Its purpose and object is to command performance, not desistance, and is a compulsory as distinguished from a revisory writ; it lies to compel, not to revise or correct, action, however erroneous it may have been, and is not, like a writ of error or appeal, a remedy for erroneous decisions." 18 R. C. L. 114.

This limitation is maintained by the general current of authority; and this court, in restricting the issuance of the writ under the section of the statute cited to cases where it went "to compel the performance of an act especially enjoined by law," has disposed of the contention made here that it will lie to reverse the order of the commission for want of jurisdiction.

In State v. Curler, 26 Nev. 347, 67 Pac. 1075, the district judge, after a hearing under a special statute providing for the appointment of appraisers to appraise the value of property involved in certain claims against counties, refused to make the appointment. The writ was sought to compel said judge to appoint appraisers, and was denied by this court. The court in the concluding paragraphs of the opinion announced the rule that mandamus will not lie to determine the question as to whether a public officer had exceeded his power and jurisdiction. It said:

"Again, if respondent, under the act, had the power or authority to determine the constitutionality of the act (a power which the relator, it seems, does not controvert), then the issuance of the peremptory writ involves a review and determination in mandamus of the correctness of the decision of the respondent upon that constitutional question; but, if such power does not exist (the power to determine the constitutionality of the act of 1901 in the proceeding before the respondent), then the issuance of the peremptory writ by this court requires that we consider and determine that respondent exceeded his power and jurisdiction—a question which cannot be considered and determined in mandamus.

"Adhering to the settled rules of the law, we must hold that, under the facts of this record, mandamus will not lie, for the reasons given; and therefore the peremptory writ will be denied, and the proceeding dismissed."

State v. Curler was cited and discussed by counsel for the commission and the company in their briefs; but, without discussing the rule there declared or seeking to obviate its application to the case at bar, counsel for relator rely upon decisions from other jurisdictions to sustain their position that mandamus is an appropriate remedy in this case.

As we conclude, irrespectively of the existence or nonexistence of another plain, speedy, and adequate

remedy in the ordinary course of law, that mandamus is not proper in this case, the rule quoted, as stated in 18 R. C. L. 100, by counsel for relator, to the effect that such remedy must be adequate to afford relief in the existing emergency, is not applicable. The case of Raisch v. Board of Education of the City and County of San Francisco, decided by an evenly divided court, is, in our opinion, of no weight as an authority. In the case of In Re Barber Asphalt Paving Co., 132 Fed. 945, 66 C. C. A. 55, 67 L. R. A. 761, the writ was issued to compel the lower court to set aside a stay order and proceed to the trial of a case on the merits. The stay order in this case was tantamount to a refusal by the lower court to perform an act required by law. No such question is presented to us by the facts of this case. On the contrary, the commission has proceeded to hearing and decision on the merits of the controversy, and the question is whether this court can, by the writ of mandate, recall the commission's order for want of jurisdiction, and substitute its own judgment instead.

Counsel for relator also cite Ex Parte Bradley, 7 Wall. 364, 19 L. Ed. 214, in which the Supreme Court of the United States issued a writ of mandamus to restore to practice an attorney at law who had been disbarred by the inferior court for contempt. In this decision it was held that the lower court was without jurisdiction to debar the petitioner for contempt of court, and that mandamus was a proper remedy. The case is an authority in the federal jurisdiction that mandamus will lie in this specific class of cases, where a court without jurisdiction in a summary proceeding disbars an attorney at law, and where there is no other remedy whatever. This is the extent of the ruling in Ex Parte Bradley; and, were we inclined to accept it and give it a wider application, it would still be at variance with State v. Curler, and we have not been shown nor do we find any reason to disapprove the latter.

2, 3. As the writ will not lie against the commission, neither will it go against the company, primarily for

the reason that the petition does not show that the company has discontinued its service. Its application to the commission, and the order of the latter permitting the discontinuance, afford a strong presumption that it will do so, but, as previously stated, the writ of mandamus is in no sense a preventive remedy. Its function is to enforce action—to compel the performance of a duty or obligation which is enjoined by law. Mandamus is never granted in anticipation of a supposed omission of duty, however strong the presumption may be that the persons whom it is sought to coerce by the writ will refuse to perform their duty when the proper time arrives. High's Extraordinary Legal Remedies (3d ed.) sec. 12.

"In other words, the relator must show that the respondent is actually in default in the performance of a legal duty then due at his hands, and no threats or predetermination can take the place of such a default before the time arrives when the duty should be performed. * * *" State v. Gracey, supra.

4. Whether it is the traction company's legal duty to continue street-car service over the streets designated is a question which cannot be determined in a proceeding of this character in advance of an actual discontinuance of such service.

The peremptory writ of mandate prayed for is denied, the alternative writ quashed, and the proceedings dismissed.