THE STATE OF NEVADA EX REL. THE COMBINATION SILVER MINING COMPANY *v.* BENJAMIN CURLER.

NON-APPELLATE ORDER.   An order refusing to transfer a cause from a State district court to a United States court is not one of the orders contemplated by Section 285 of the Practice Act, and no direct appeal lies therefrom.

MANDAMUS—ITS FUNCTION.   Where a district court refused to transfer a cause pending in it to a United States court, and a *mandamus* was applied for against the district judge to compel such transfer:   *Held,* that *mandamus* was not the proper remedy, for the reason that the writ could only direct the court below to act, not how to act; and that to entertain the application would be in effect to review judicial action, which was not the function of *mandamus.*

ORDER REFUSING TRANSFER OF CAUSE TO UNITED STATES COURT — HOW REVIEWED.   If a motion to transfer a cause from a State district court to a United States court is refused, the proper remedy is by appeal from the final judgment, accompanied with a proper statement or bill of exceptions; and as such appeal will furnish a plain, speedy, and adequate remedy, the writ of *mandamus* will not lie.

APPLICATION for *mandamus* directed to the Judge of the District Court of the Seventh Judicial District, Nye County.   The material facts are stated in the opinion.

*Thomas Fitch,* for Relator.

*Thomas Wells,* for Respondent.

By the Court, JOHNSON, J.

In this proceeding an application is made for a peremptory writ of mandate to be directed to Benjamin Curler as Judge of the

Seventh Judicial District, Nye County, to compel the transfer of a certain cause pending in said Court, wherein one John W. Jones is plaintiff, and the relator herein is defendant, to the Circuit Court of the United States in and for the District of Nevada, for trial. The case as presented to us is this:

Jones brought an action in said Court against the defendant—the relator herein—alleged to be " a mining corporation, organized and existing under and by virtue of the corporate laws of the State of New York, and engaged in .such mining business in this State," to recover, with damages laid at five thousand dollars, certain mining ground in said county. The defendant petitioned the Court to transfer the cause to the Circuit Court of the United States in and for the District of Nevada, for trial, filing with the petition a bond conditioned according to law, as in such cases made and provided. The motion was heard on the complaint, petition, answer to the petition, and affidavits on behalf of the respective parties to the action. Upon the showing made, the District Court refused to transfer the cause, whereupon the defendant, the relator herein, applied to this Court for a mandatory writ for the purpose before stated. On filing the petition, we permitted, as is the usual practice in such proceedings, the writ to issue in the alternative form, without passing upon any question arising in the case, leaving all such to be determined in the final disposition of it. In obedience to such alternative writ, the respondent appeared by counsel and moved to dismiss the writ on a number of grounds, one of which was that the remedy of relator to correct any erroneous ruling of the Court below in the matter of such application, was by appeal from the order refusing to transfer the cause. We at once held, and have no reason to change the views then expressed from the bench, that a direct appeal from such order would not lie. The appeal allowed by Sec. 285 of the Practice Act, from an order granting or refusing to change the place of trial, " does not apply to cases like this, where the application is to remove the cause from a State to a Federal Court." Under a like statute it has been so ruled in California. (*Hopper* v. *Kalman*, 17 Cal. 517 ; *Brooks* v. *Calderwood et als.* 19 Cal. 124.)

But notwithstanding counsel placed his motion on wrong grounds,

we think it should prevail.    To entertain this proceeding would be in effect to review the action of the Court below, and either reverse or affirm the order made in the same in a matter it had judicially determined.    Such are not the proper functions of a writ of mandate.    When the act to be done is judicial in its character the writ will not direct in what manner the inferior Court shall act, but only direct it to act.    (*People* v. *Weston*, 28 Cal. 640, and the authorities there cited.)

It is true that a few cases are found where *mandamus* is held to be a proper remedy to compel the removal of a cause from the State Court, but the most general rule, and the one we think the correct one, is against it.    Indeed, the statute governing this character of writ in this State, (Practice Act, Sec. 415) seems to forbid the issuance of such writ where there is a plain, speedy, and adequate remedy in the ordinary course of law.    If the moving party in the Court below has been aggrieved by the order refusing to transfer the cause, the remedy for it is, in legal contemplation, plain, speedy, and adequate by appeal from the final judgment, accompanied with a proper statement or bill of exceptions.    (*Francisco* v. *The Manhattan Life Insurance Company* [No. 1,641] Cal. Sup. Court, October Term, 1868.)

The motion to dismiss the writ is sustained.

WHITMAN, J., did not participate in the foregoing decision.