State ex rel. Hetzel *v.* Board of Commissioners of Eureka County.

THE STATE OF NEVADA ex rel. SELDEN HETZEL *v.* THE BOARD OF COMMISSIONERS OF EUREKA COUNTY.

ORGANIZATION OF EUREKA COUNTY—ELECTION FOR COUNTY OFFICERS. Under section 3 of the act for the organization of Eureka County (Stats. 1873, 107): *Held,* that before an election for county officers could be ordered, it had to be ascertained that five hundred persons had petitioned therefor, and that such petitioners were qualified electors—which facts had to be determined by the county commissioners acting judicially.

MANDAMUS, WHEN IT LIES. Mandamus lies to compel an inferior tribunal to exercise its judgment and render a decision, when a failure of justice would otherwise result from delay or refusal to act; but it does not lie to review or correct its conclusion after it has acted.

This was an original application to the Supreme Court for a writ of peremptory mandamus, as stated in the opinion. The petition alleged that at a regular meeting of the county commissioners on April 21, 1873, six hundred and eighteen qualified electors petitioned the board to order an election of county officers for the first Monday in August, 1873, and that the board had refused to do so. The respondents, D. H. Hall, E. E. Phillips and L. W. Cromer, answered, denying that the petition contained the names of five hundred qualified electors and alleging that they had as a board considered such petition on May 5, 1873, upon which occasion one hundred and thirty-eight of the signers thereof had asked their names to be withdrawn, leaving the number of petitioners less than five hundred. They further alleged that many of the others were not qualified electors.

It appeared from the minutes of the board that it had, upon the presentation of the petitions for an election, taken the matter under advisement; and further, that when asked to name a day for the consideration thereof, it had declined to do so.

*Selden Hetzel,* for Relator.

I.   The writ applied for is the proper remedy to compel action by respondents. *People* v. *Sexton,* 24 Cal. 78; *Hastings* v. *San Francisco,* 18 Cal. 49.

II.   It certainly cannot be contemplated that a tribunal endowed by the law with *quasi* judicial functions should be enabled by vexatious or formal delays to legislate itself into office in direct contravention of the law.   The remedy by mandamus investing the court with such extensive discretionary powers is provided to meet just such an exigency as this; and this would also appear to be a proper case for the awarding of costs at the discretion of the court.

*G. W. Baker*, District Attorney, for Respondents.

By the Court, BELKNAP, J.:

Application for a peremptory writ of mandamus requiring the county commissioners of Eureka County to order an election as provided by the terms of the act creating the County of Eureka.   Section three of said act directs that if on or before the first Monday in July, A. D. 1873, five hundred or more of the qualified electors of the County of Eureka petition the board of county commissioners to order an election for county officers, it shall be the duty of said board to call an election for that purpose to be held on the first Monday in August, A. D. 1873.   Before ordering an election two facts are to be ascertained: 1st, whether five hundred persons have petitioned; and 2d, whether they are qualified electors.   It is evident that these facts must be determined by the commissioners acting judicially, and we cannot direct the particular decision they shall reach.   They must determine the questions presented to them by the dictates of their own judgment.

The writ of mandamus lies to compel an inferior tribunal or board to exercise its judgment and render a decision where a failure of justice would otherwise result from delay or refusal to act.   In this case action was taken by the commissioners.   Their conclusion may be reviewed and if erroneous corrected, but not by this process.

The application for a writ of mandamus is denied.