[No. 968.]

JAMES MAYBERRY, PETITIONER, v. JOHN S. BOWKER, RESPONDENT.

MANDAMUS—SECTION 583 CIVIL PRACTICE ACT CONSTRUED—APPEAL— REMEDY AT LAW.—Petitioner applied by motion under section 583 Civil Practice Act (1 C. L. 1644) to the district court for an order requiring the justice of the peace before whom this cause was tried, to transmit to the district court the papers on appeal. The order was refused. Petitioner thereafter, upon the same state of facts, applied to this court for a writ of mandamus to compel the justice to transmit said papers to the district court. *Held*, that the order of the district court denying petitioner's motion was a final judgment in that proceeding, from which an appeal lies. (Beatty, C. J., dissenting.)

IDEM.—The writ of mandamus will not be issued in any case where petitioner has a plain, speedy and adequate remedy at law.

APPLICATION for mandamus.

The facts are stated in the opinion.

*Boardman & Varian*, for Petitioner.

I. The remedy by application to the district court is sub-

stantially the same as an application for a mandamus. This court can not be deprived of a jurisdiction expressly conferred upon it by the Constitution.    (*Levy* v. *Inglish,* 4 Ark. 66.)

II. A writ of mandamus will be issued although petitioner may have some other remedy.    (*State* v. *Wright,* 10 Nev. 175; *Jones* v. *McMahon,* 30 Tex. 730. .

*N. Soederberg,* for Respondent.

Relator has another appropriate and adequate remedy. (1 C. L. 1544; *State* v. *McAuliffe,* 48 Mo. 112; High's Ex. Rem., sec. 243; 12 Barb. 220; 12 Nev. 105; *Adams* v. *Woods,* 18 Cal. 30.

By the Court, LEONARD, J.:

This is an original application in this court for a writ of mandamus, commanding respondent, a justice of the peace of Reno township, in Washoe county, to transmit to the clerk of the second judicial district court a copy of his docket, the pleadings and other papers filed in his court, in a cause tried therein, entitled *A. Charlebois* v. *James Mayberry.* Briefly stated, the facts are as follows: The plaintiff in the case just mentioned obtained judgment against the defendant therein for two hundred and fifty-nine dollars and his costs, taxed at thirty dollars and twenty-five cents. Defendant, Mayberry, duly appealed to the district court. He executed an undertaking not only to perfect the appeal, but to stay execution, in the sum of six hundred dollars, United States gold coin.   One of the conditions of the undertaking was, that appellant would pay the amount of the judgment appealed from and all costs, if the appeal should be withdrawn or dismissed, or the amount of any judgment and all costs that might be recovered in the appellate court.   Petitioner, Mayberry, paid to respondent, the justice of the peace, all court costs chargeable against him, besides two dollars, the statutory fees for making up and transmitting the transcript and papers on appeal, but refused to pay the plaintiff's court costs.   Respondent, the justice, refused to transmit any of the papers to the district

court until all his costs in the case were paid.  Thereupon Mayberry applied by motion to the district court, under section 1644 C. L., for an order requiring the justice to transmit the papers to that court, but such order was refused, upon the ground that payment of all the fees due to the justice was a condition precedent to the right of demanding a transmission of any of the papers in the case to the appellate court. The application to the district court was made by motion based upon an affidavit containing the same facts as are set out in the petition for a writ of mandate in this court.  After refusal of the district court to order the papers sent up, application was made to this court for the writ herein sought.  An alternative writ was issued commanding respondent to show cause on the tenth day of March, 1879, at which time he appeared by counsel, and demurred to the affidavit or petition and writ, generally and specifically.  Further hearing was postponed until March twentieth, when respondent made his return and filed his answer, stating that on the eighteenth day of March, 1879, in obedience to the alternative writ, he transmitted all the papers in said cause to the clerk of the district court, and denying that all the fees due from petitioner had been paid.

Counsel for petitioner thereupon moved that his costs in this court be taxed against respondent.  In opposition to that motion it is urged, and we think correctly, that notwithstanding respondent did not transmit the papers until after the alternative writ was issued, still he should not be required to pay the costs, if it shall appear that a peremptory writ could not have been ordered.  It is not claimed that this court could have ordered a mandamus directed to the judge of the second district court, commanding him to compel the justice to send up the papers after having acted judicially, by hearing and denying the motion made in that court.  That would be against the whole current of decisions in this court and elsewhere.  But it is said that the remedy provided by the practice act, and under which application for relief was made in the district court (C. L. 1644), is substantially the same as the one now made in this court, and that to give it the effect sought for by re-

spondent is to deny to this court the exercise of a jurisdiction expressly conferred upon it by the constitution.

We need not decide whether the summary remedy provided by the statute just referred to would have deprived this or the district court of jurisdiction or power to order the issuance of the writ now asked, had application first been made for this writ, because that is not our case. Is petitioner now entitled to the writ? He is not, if at the time he made his application he had, or now has, another plain, speedy and adequate remedy in the ordinary course of law.

There is no dispute as to the facts, in this court, and it does not appear that there was any in the district court. There is only a difference of opinion as to the proper construction of a statute. All the facts necessary to enable the district court to decide, were embodied in an affidavit and filed in that court. The court denied the motion, for the reasons before stated, and the order denying the same was a final judgment in that proceeding, from which an appeal lies to this court, notwithstanding it be true that that proceeding was substantially the same as this. Such being the case, petitioner's proper remedy was an appeal instead of an application for mandamus. That remedy was open to him at the time this application was made, and it was plain, speedy, and adequate in the ordinary course of law. (*The Board of Commissioners, etc.,* v. *Hicks,* 2 Carter, 530; *Marshall* v. *The State,* 1 Carter, 74; *The State ex rel. Reynolds* v. *The Board of Commissioners, etc.,* 45 Ind. 507; *Francisco* v. *M. I. Co.,* 36 Cal. 287; High on Injunctions, 148 *et seq.; State of Mo. ex rel. Wheeler* v. *McAuliffe,* 48 Mo. 115; *State of Mo. etc.* v. *Engleman, etc.,* 45 Mo. 27.)

We are of the opinion that petitioner should pay the costs, and it is so ordered.

BEATTY, C. J., dissenting.

The real objection to the petition in this case is not, in my opinion, that it shows that the petitioner has another plain, speedy, and adequate remedy, and therefore that he is not entitled to a writ of mandamus; but that it shows an-

other action pending, or a former adjudication of the cause of action.

It may be true that the petitioner, by appealing from the order of the district court denying his application there, would ultimately obtain all the relief that his petition shows him to be entitled to; but, supposing that he appeals, and is successful in his appeal, all the relief he can ever obtain will be an order or mandate from the district court, enforcible by attachment for contempt, compelling the justice of the peace to send up the appeal papers. Such an order, no matter by what name it may be called, is nothing more nor less than the writ of mandamus which this court has original jurisdiction to issue (Constitution, Art. VI, sec. 4). The section of the statute (C. L. 1509), which implies that the writ of mandamus shall not issue in cases where there is a plain, speedy, and adequate remedy in the ordinary course of law, refers to remedies other and different from the writ of mandamus, and not to the case where, as here, a party has commenced one proceeding for a mandamus, and without prosecuting it to final judgment in the court of last resort, commences the same proceeding in another court of concurrent jurisdiction. In such a case, it can not be objected that the petitioner has another remedy, for in truth he has not. His only remedy is by mandamus, and all that can be said is that another action is pending or that the subject has been finally adjudicated. In this case, neither of these objections has been taken or relied upon, the whole contention being that the remedy given by section 1644 of the compiled laws is another remedy, and that because of that section this court could not have issued a writ of mandamus if the first application had been made here. I think, on the contrary, that if the proceeding under section 1644 is an original proceeding in which an appeal lies to this court, it is, after all, nothing but a summary mode of obtaining a mandamus, and that it does not deprive this court of its concurrent jurisdiction in such cases. To hold otherwise would be to admit the power of the legislature to deprive us of our constitutional jurisdiction by the simple device

of calling a writ of mandamus by some other name, or by making the practice in such cases, or a particular class of such cases, more summary or speedy in the district courts than in this court.

Undoubtedly an application to this court for a writ of mandamus in any sort of case would be defeated by showing another action pending or finally adjudicated in the district court, for the same cause; but in my opinion the respondent, in order to avail himself of either of those objections, should be required to make it specifically either by his demurrer or answer. In this case he has not done so. His objection is that the petitioner has another remedy, whereas all that appears is that he can obtain the same remedy, a writ of mandamus, by prosecuting another action, already commenced, in a court of concurrent jurisdiction. For these reasons I dissent from the conclusions of the court.

RESPONSE TO PETITION FOR REHEARING.

By the Court, LEONARD, J.:

The rehearing in this case has strengthened us in the opinion that the decision before filed herein is correct. (Civ. Prac. Act, sec. 507; *Adams* v. *Woods*, 18 Cal. 31.)

The petitioner should pay the costs, and it is so ordered.

BEATTY, J. C., dissenting: I dissent.