[No. 1417.]

THE STATE OF NEVADA, EX REL. J. D. TORREYSON, ATTORNEY–GENERAL, RELATOR, v. W. S. JAMES, W. H. PRATT AND E. CHATELAIN, AS THE BOARD OF COUNTY COMMISSIONERS OF STOREY COUNTY, RESPONDENTS.

1—MANDAMUS, WHEN ONLY TO BE RESORTED TO.—The writ of *mandamus* should be resorted to only when the usual and ordinary remedies fail to afford adequate relief, and without it there would be a failure of justice.

2—SAME—DOES NOT LIE WHEN OTHER ADEQUATE REMEDY.—*Mandamus* does not lie unless the party invoking it has no other adequate remedy.

ORIGINAL PROCEEDING for alternative writ of mandate.

The facts are sufficiently stated in the opinion.

Argued orally.

*James D. Torreyson*, Attorney-General of Nevada, in *pro. per.*, for Relator.

*E. D. Knight*, District Attorney of Storey county, for Respondent.

By the Court, BELKNAP, J.:

This is an application for an alternative writ of *mandamus* requiring the board of county commissioners of Storey county (respondents herein) to allow the costs of the clerk of this court incurred upon appeal in the case of *State* v. *Trolson*, 21

Nev. 419. Respondents demurred to the petition, upon the ground that the court had no jurisdiction of the subject matter. The writ of *mandamus* should be resorted to only when the usual and ordinary remedies fail to afford adequate relief, and without it there would be a failure of justice. If there is an adequate remedy at law by which relief may be attained it should be taken. It is clear that there is such remedy.

The principle is stated in *Shelby* v. *Hoffman*, 7 Ohio St. 450, as follows: "The writ of *mandamus*, at common law, was a prerogative writ, introduced to prevent discord from a failure of justice, and to be used on occasions where the law had established no specific remedy. It is, however, a general rule at common law that the writ of *mandamus* does not lie unless the party applying has no other adequate remedy." See, also, High, Extr. Rem., sec. 15, and cases there cited.

*Mandamus* denied.