# REPORTS OF CASES

### DETERMINED BY

# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## APRIL TERM, 1922

[No. 2532]

THE STATE OF NEVADA, EX REL. JOHN WEBER,
W. E. MEYERS, AND R. L. TUCKER, PETITIONERS, *v.*
HON. C. J. McFADDEN, JUDGE OF THE NINTH
JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,
IN AND FOR WHITE PINE COUNTY, RESPONDENT.

[205 Pac. 594]

1. MANDAMUS—DETERMINATION WHETHER TO STRIKE REPORT FROM
   COURT FILES INVOLVES JUDICIAL DISCRETION.
   The determination whether to strike or refuse to strike
   from the files of the court a report by the grand jury involves
   the exercise of purely judicial functions, and was not a
   ministerial act, and will not be controlled by mandamus.
2. MANDAMUS—DOES NOT LIE TO CONTROL JUDICIAL DISCRETION.
   Mandamus will not lie to control judicial discretion or
   revise judicial action.

ORIGINAL PROCEEDING in mandamus by the State, on
relation of John Weber and others, against C. J. McFadden, Judge of the Ninth Judicial District Court in and
for White Pine County. **Writ denied.**

*A. Jurich,* for Petitioners:

The report contains charges seriously reflecting upon
the integrity of the three county commissioners. The

only remedy available in the lower court was a motion to expunge the report from the record. Petitioners availed themselves of this remedy, but the motion was denied, and there is no appeal from the ruling. The question resolves itself into whether or not any person, individual, or public officer, can be charged by a court, or a branch of a court, which in this case is a grand jury, with the commission of public offenses and have the opportunity to defend denied them. Mandamus should issue to compel the lower court to expunge the report from the record. "In some cases, however, mandamus may be employed to correct errors of inferior tribunals and to prevent a failure of justice or irreparable injury where there is a clear right and there is an absence of any other adequate remedy. It may also be employed to prevent an abuse of discretion, or an act outside of the exercise of discretion, or to correct an arbitrary action which does not amount to the exercise of discretion." 26 Cyc. 189; In Re Chartz, 29 Nev. 110; In Re Breen, 30 Nev. 164; Bennett v. Kalamazoo Circuit Judge, 150 N. W. 141; Bennett v. Stockwell, 163 N. W. 482. "It seems a mere perversion of language to say that the writ will never issue to control judicial action or to compel a tribunal to act in a particular way." Wood v. Strother, 18 Pac. 767. "The mere fact that an action or proceeding will lie, does not supersede the remedy by mandamus. The relator must only have a specific, adequate, and legal remedy, but it must be one competent to afford relief upon the very subject-matter of his application; and, if it be doubtful whether such action will afford him a complete remedy, the writ should issue." State v. Wright, 10 Nev. 167; State v. Commissioners, 22 Nev. 77.

Public offenses must be presented by either presentment or indictment. No other method is provided by law. A report which is neither a presentment nor an indictment is in excess of jurisdiction, and therefore not privileged. Posten v. Washington, 32 L. R. A. (N.S.) 785; Bennett v. Kalamazoo, 150 N. W. 141;

Bennett v. Stockwell, supra; Rich v. Eason, 180 S. W. 303; Smith v. Rector, 11 Iowa, 306; Washington Times Co. v. Downey, 6 Am. & Eng. Ann. Cas. 765.

*Chandler & Quayle,* for Respondent:

The question is not whether as an original question the report of the grand jury should be stricken from the records of the district court, but rather whether, when the district court has already acted on counsel's motion to strike the report from the record, this court will use the writ of mandamus as a writ of error and issue a formal writ to compel the district court to reverse itself. "The writ of mandamus will not assume the function of a writ of error, nor will it serve to require an inferior tribunal to act in any particular manner or to enter any particular judgment or order." State v. District Court, 40 Nev. 163.

The question as to whether the report of the grand jury here involved does or does not constitute a presentment is really secondary, the important point being that the lower court was called upon to exercise its judicial discretion, which cannot be controlled by the writ of mandamus.

By the Court, DUCKER, J.:

This is an original proceeding by the state, on relation of John Weber, W. E. Meyers, and R. L. Tucker.

Among other matters the petition relates that said petitioners are citizens of White Pine County, Nevada, and that the two former were county commissioners of said White Pine County during the years 1919 and 1920, while the latter now is such county commissioner and chairman of the board; that respondent was during said years and now is the district judge of the Ninth judicial district court of the State of Nevada, in and for said county; that during the month of January, 1921, a grand jury was duly and regularly impaneled by the respondent, and that on the 23d day of January, 1921, said grand jury rendered and submitted

to the respondent a report, which report was filed with
the clerk of the court; that in said report these peti-
tioners are charged, while acting as members of the
board of county commissioners of said county, with
malfeasance and nonfeasance in office, and are fur-
ther charged with having committed numerous public
offenses while acting in this capacity, and are further
charged with defrauding said White Pine County of
large sums of money in connection with the building of
a county hospital by said county during their term of
office, and are further charged with misapplying funds
belonging to said county; that in said report peti-
tioners are charged, while acting as members of the
board of county commissioners of said county, with
having violated various statutes of the state concerning
the duties of county commissioners, and of defrauding
said county of large sums of money; that by said report
petitioners are publicly called, described, and denounced
as plunderers of the county treasury of said White
Pine County; that the said report of the grand jury,
within a few hours after being filed, was published in
full in three newspapers of said county having a wide
circulation therein; that shortly after said report was
filed petitioners requested respondent, in writing, to
cause said grand jury to reconvene for the purpose
of considering further the charges contained in said
report concerning them, and to find either an indict-
ment or presentment against said petitioners, if said
grand jury had evidence sustaining the said charges,
or to exonerate said petitioners therefrom; that on the
25th of February the respondent in writing advised
these petitioners that the grand jury would reconvene
on the 2d day of March to consider the matter con-
tained in their petition; that on the date last mentioned
said grand jury did reconvene and filed their second
report to respondent, but found no indictment or pre-
sentment against petitioners, and further refused to
exonerate them of the charges in said report made

against them; that on the 1st day of October, 1921, petitioners filed and presented to respondent a motion and petition praying for an order expunging and striking from the files of said court said report of the grand jury of January 23, 1921, which said motion and petition were denied by respondent on the grounds and for the reasons that the report of the grand jury was a privileged communication.

The petition further recites that petitioners as citizens and public officers of said, county have had the respect and confidence of the people of the county and of their friends and acquaintances, and have never heretofore been charged with violation of any law; that by reason of said charges and the publication thereof, and the refusal of the grand jury to either find an indictment or presentment against petitioners, thereby giving them an opportunity to defend themselves, and the refusal of the respondent to expunge said report from the records of his court, these petitioners, in the eyes of the public, stand convicted of serious crimes, and they and their families are forced to submit to disgrace and humiliation; that the charges are false and prompted by malice; that it was the duty of respondent to refuse to permit the report to be filed, and, having ordered the same to be filed, upon ascertaining the contents thereof, it was his duty to order the same stricken and expunged from the records; and that petitioners have no plain,. speedy, or adequate remedy at law.

The petition concludes with a prayer that this court enter an order commanding respondent to enter an order summarily expunging and striking said report from the files of said court. A copy of the report of the grand jury. containing the charges complained of is attached to and made a part of the petition.

Upon the application, the alternative writ of mandamus issued out of this court, and to this writ and petition respondent filed a demurrer. The demurrer sets out four grounds, namely:

(1) That the act sought to be coerced is not a ministerial act.

(2) That petitioners do not show a certain or clear right to have the grand jury's report expunged.

(3) That the refusal of respondent to make its order to expunge the report was a part of respondent's judicial functions and in the exercise of his judicial discretion.

(4) That the petition shows that respondent has already heard, considered, and acted, and the manifest purpose of this proceeding is to review or correct such conclusion and action.

1, 2. Counsel for respondent insist that mandamus is not a proper remedy in this case, and we agree with their contention. Whether it was respondent's legal duty under the facts stated in the petition to grant the motion cannot be inquired into in this proceeding. The act sought to be reviewed and reversed was not a ministerial act. The power to strike or refuse to strike the report from the files of the court involved the exercise of purely judicial functions. It is a rule of general acceptance that mandamus will not lie to control discretion or revise judicial action. 18 R. C. L. 297–299; High's Extraordinary Legal Remedies (3d ed.) pp. 31, 32, 169, 174. This rule is well settled in this state. State v. Curler, 4 Nev. 445; State ex. rel. Hetzel v. Board of Commissioners of Eureka County, 8 Nev. 309; Hoole v. Kinkead, 16 Nev. 217; State v. Curler, 26 Nev. 347, 67 Pac. 1075; State v. District Court, 40 Nev. 163, 161 Pac. 510. In the latter case this court recognized the general acceptance of the rule in the following language:

"It needs no citation of authority to support the well-established rule that the writ of mandamus will not assume the function of a writ or error, nor will it serve to require the inferior tribunal to act in a particular manner or to enter any particular judgment or order. On the contrary, it serves only to compel the doing of

some act which it is the clear, legal duty of the lower court in some way to do."

The present case does not fall within the class of cases decided by this court in which it was held that that the general rule did not apply; as State v. Murphy, 19 Nev. 89, 6 Pac. 840, in which it was held that the rule had no application to the determination of preliminary questions relating to the settlement of a statement on motion for a new trial, or Floyd v. District Court, 36 Nev. 349, 135 Pac. 922, 4 A. L. R. 646, and Roberts et al. v. Second Judicial District Court, 43 Nev. 332, 185 Pac. 1067, in which cases it was determined that mandamus was a proper remedy to compel a district court to assume jurisdiction and try a cause on appeal, when it has erroneously decided that it had no jurisdiction.

In the present case no preliminary question was involved, nor did the court decline to proceed to determine the matter presented by the motion. On the contrary, it entertained the motion, and made its order refusing to strike the report of the grand jury from the files of the court. We cannot now, under the rule stated, issue the writ of mandate to review the judgment of the lower court. We are aware, and counsel for petitioners by citation has pointed out, that in some jurisdictions mandamus has been employed to control discretion and revise judicial action, but the decisions to this effect are contrary to the great weight of authority. Of this character is the case of Bennett, Pros. Atty., v. Kalamazoo Circuit Judge, 183 Mich. 200, 150 N. W. 141, Ann. Cas. 1916E, 223, cited by counsel for petitioners, in which the writ of mandamus was issued to expunge from the records of the circuit court a report of a grand jury assailing the official conduct of a prosecuting attorney. In High's Extraordinary Legal Remedies (3d ed.) the author comments on the exceptional scope given to the writ of mandamus in the jurisdiction of Michigan. At page 196 he says:

"A similar departure from the well-established rule denying the writ for the correction of errors, which are ordinarily redressed by writ of error or appeal, is noticeable in Michigan. The cases illustrative of this departure from the general doctrine seem to rest in part upon the theory that the granting of a mandamus to direct the action of a subordinate judicial tribunal is the appropriate exercise of a supervisory judicial control, and is in the nature of appellate action, and in part upon the absence or inadequacy of other legal remedies."

There is nothing in any of the decisions of this court cited or discussed by counsel for petitioners at variance with the general rule which prevents the issuance of the writ of mandamus to review and correct judicial acts. In State ex rel. Torreyson v. Board of County Commissioners, 22 Nev. 263, 38 Pac. 668, the writ was denied because the petitioner had another adequate remedy at law. The plain implication of the language used in the opinion is that, even though the petitioner was otherwise entitled to the writ, it could not issue because the relief sought could be obtained by means of another remedy at law. The language employed does not mean that the writ will issue in all cases where no other adequate remedy is available. The case of State v. Wright, 10 Nev. 167, has no bearing upon the question of the propriety of the writ in the present case. The case of State v. Commissioners of Lander County, 22 Nev. 71, 35 Pac. 300, also cited and discussed by counsel for petitioners, does not sustain his contention.

The general rule that the writ of mandamus will not issue to control discretion or revise judicial action, was recognized in that case, but it was held that the questions concerning which it was claimed the board of county commissioners must exercise judgment or discretion were "merely preliminary ones to the main question of whether it was their duty to allow the claim." The reference in the latter decision to the tests

adopted in Wood v. Strother, 76 Cal. 545, to determine the propriety of a writ of mandate, namely, whether the determination of the tribunal sought to be coerced, was intended by law to be final, and if not whether there was any other plain, speedy and adequate remedy at law, was merely a suggestion.

The principle recognized and applied in State v. Murphy, supra, was declared to be decisive of the question presented in State v. Commissioners of Lander County.

The decisions cited wherein matter held to be contemptuous of this court has been ordered stricken from its files and from the records of the district court, are not at all in point, even upon the main question which petitioners seek to have determined in this proceeding, that it is their legal right to have the report of the grand jury stricken from the files of the court. Certainly the principles involved in those cases are not applicable to the question presented here. As stated by counsel for respondent, the rules governing contempt of court are very different from the rules governing the issuance of a writ of mandamus, and there is no analogy between them.

The writ must be denied, and it is so ordered.