BENNIE WILMURTH AND MARY ANN WILMURTH, PETITIONERS, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, THE HONORABLE RICHARD L. WATERS, JR., DISTRICT JUDGE, RESPONDENT.

No. 4752

June 22, 1964                    393 P.2d 302

*Bradley & Drendel,* of Reno, for Petitioners.

*Harvey Dickerson,* Attorney General, and *Gabe Hoffenberg,* Chief Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, BADT, C. J.:

The petition for a writ of mandate now before the court raises[1] the following question: Will the remedy of mandamus lie to compel the respondent court to vacate a pre-trial order made by it, on the ground that petitioners had not participated in the pre-trial conference—such failure to participate being the willful absence of petitioners from the pre-trial conference after due notice thereof. (Counsel for petitioners herein, as counsel for plaintiffs in the main action then pending in the respondent court, had willfully absented themselves from the pre-trial conference for the sole reason that they considered the respondent court to have been divested of jurisdiction by reason of a pending appeal to this court from the lower court's order dismissing the

[1]The respondent's motion to dismiss the petition raises the same question.

action as to the State of Nevada, named as a defendant therein.)

The action below was commenced by the Wilmurths against the state and Jules Magnette, director of the Nevada State Hospital, for the wrongful death of the Wilmurths' child. On June 10, 1963, pursuant to motion, the court dismissed the action as to the State of Nevada under the doctrine of sovereign immunity, and the action continued with Magnette as the primary party defendant.[2]

On November 7, 1963, the plaintiffs filed a notice of appeal from the order of the court dismissing the state as a party defendant and notified the trial court thereof.

On December 9, 1963, the date set for pre-trial conference, counsel for plaintiffs failed to appear, nor did they notify the trial court or counsel for defendants that they would make no appearance. Pursuant to direction of the trial court, counsel for defendants prepared a pre-trial order and submitted it to the trial court. On December 18, 1963, the trial court signed the pre-trial order. The order provided that counsel could file objections or propose modifications within five days.[3]

On December 13, 1963, subsequent to the pre-trial conference but prior to entry of the pre-trial order, this court dismissed the plaintiffs' appeal from the order dismissing the State of Nevada as a party defendant, on the ground that the order dismissing the State of Nevada was not a final judgment and therefore was not appealable. Wilmurth v. State, 79 Nev. 490, 387 P.2d 251 (1963).

On December 27, 1963, plaintiffs moved to vacate the pre-trial order on the ground that the trial court had no jurisdiction over any of the matters in the case during the period the appeal in Wilmurth v. State, supra, was pending.

---

[2]The state remained in the case as secondarily liable as surety on Magnette's bond if judgment went against Magnette. Hill v. Thomas, 70 Nev. 389, 270 P.2d 179.

[3]The pre-trial order recited the nature of the action, the admitted facts, the disputed issues of fact and the issues of law involved, and permitted the defendants to amend their answer in certain minor respects.

On February 21, 1964, the trial court denied plaintiffs' motion to set aside the pre-trial order.

On March 16, 1964, the plaintiffs filed objections to the pre-trial order. The trial court rejected the objections on April 20, 1964.

Plaintiffs then filed their petition for a writ of mandamus to command the trial court to vacate, alter or amend its pre-trial order in conformity with plaintiffs' motions and objections. This court issued its order to show cause why the writ should not issue. The respondent then moved to dismiss plaintiffs' petition for writ of mandamus.

(1) It has long been the law in this state that mandamus will not lie to review discretionary acts of the trial court. Pinana v. District Court, 75 Nev. 74, 334 P.2d 843; State v. McFadden, 46 Nev. 1, 205 P. 594; State v. District Court, 40 Nev. 163, 161 P. 510; State v. Curler, 26 Nev. 347, 67 P. 1075; Hoole v. Kinkead, 16 Nev. 217; State ex rel. Hetzel v. Board of Commissioners of Eureka County, 8 Nev. 309; State v. Curler, 4 Nev. 445.

In State v. McFadden, supra, this court distinguished such cases as State v. Murphy, 19 Nev. 89, 6 P. 840, and Floyd v. District Court, 36 Nev. 349, 135 P. 922, 4 A.L.R. 646, and Roberts v. Second Judicial District Court, 43 Nev. 332, 185 P. 1067.[4]

(2) But petitioners contend that their pending appeal from the order dismissing the State of Nevada divested the trial court of jurisdiction. This may ordinarily be so

[4]In State v. Murphy the court held that the general rule had no application to the determination of a preliminary question relating to the settlement of a statement on motion for new trial under the old practice. The petitioners had in the main case prepared a statement on motion for new trial, and the defendants in that case had submitted proposed amendments. Leonard, J., speaking for the court, said: "But it is well settled that if the judge erroneously refuses to settle the statement or bill, a writ of mandamus will be awarded to compel the settlement, not in any particular way, but one way or the other. * * * [T]he general rule * * * does not apply to them."

(cf. Miller v. United States, 7 Cir., 114 F.2d 267), but is not so in the case of an attempted appeal from a non-appealable order. Resnik v. La Paz Guest Ranch, 9 Cir. 1961, 289 F.2d 814; Smith v. Insurance Company of North America, M.D. Tenn. 1963, 213 F.Supp. 675.

(3) Petitioners contend that the pre-trial conference and the pre-trial order emanating therefrom were void, because the pre-trial conference "was held in the absence of counsel for petitioners." For this they rely on Rule 16. It is conceded by petitioners that their absence from the pre-trial conference was willful and was based upon the contention above disposed of that their appeal from the order dismissing the State of Nevada as a party had divested the court of jurisdiction to take any further steps in the action. This contention, as we have seen, is without merit. Petitioners contend that Rule 16 contemplates a pre-trial conference only in the case of the presence of the attorneys for all the parties. But where a pre-trial conference has been called and counsel have due notice thereof and counsel for one of the parties willfully and deliberately abstains from attending, it does not lie in his mouth to say that the conference was held ex parte or that Rule 16 may be read as permitting counsel for any party to prevent the holding of a pre-trial conference and to prevent a pre-trial order, merely by absenting himself.

(4) Petitioners claim that they have no other remedy. However, it is to be noted that by the terms of the pre-trial order counsel for all parties were given five days to file objections or to propose modifications thereof, and that in the absence of written objection or request for modification, "this order shall govern the course of the trial unless modified[5] by the court to prevent manifest injustice." This followed the wording of Rule 16. So there still remained to petitioners their right to apply to the court at the trial for an order modifying the pre-trial order. In addition to this, it has not been suggested that the pre-trial conference order or any proceedings

[5]Rule 16 reads, "unless modified at the trial * * *."

to correct or modify the order might not be reviewed on appeal from a final judgment in the case.

(5) Despite the foregoing conclusions, at which we arrive without any considerable difficulty, petitioners rely on Padovani v. Bruchhausen, 2 Cir. 1961, 293 F.2d 546, as establishing the propriety of the writ of mandamus to review pre-trial orders and particularly where the futility of an appeal was patent. Padovani is clearly distinguishable. On three separate occasions the trial court ordered plaintiff to file a new statement supplying deficiencies asserted by defendant. Eventually the court made an order for preclusion. The circuit court referred to it as "a kind of pre-pre-trial pleading—and special pleading at that—before hearing or conference was ever reached." The action was one against Liggett & Myers Tobacco Co. for damages for cancer of the larynx alleged to have occurred as a result of smoking cigarettes manufactured by the defendant. The preclusion order made by the trial court specifically precluded the plaintiff from offering at trial any evidence of lay witnesses, except the plaintiff and his wife, any expert testimony, any exhibits, except three as named, any evidence of damages, with certain exceptions, and any evidence on the issue of liability in either negligence or breach of warranty. It was conceded that these preclusions removed all basis of proof of plaintiff's claim and that the trial could have only one outcome, namely, judgment for the defendant. The pre-trial order in the instant case was not a preclusion order and would not have the inevitable effect of the preclusion order in Padovani. There is no clear showing in Padovani that the availability of mandamus as a remedy was challenged and this was not discussed by the court other than to say it would avoid delay and would substantially reduce the burden on the parties since an ultimate reversal was indicated. However, if, as petitioners seem to indicate, there is a complete analogy between the pre-trial order in the instant case and the preclusion order in Padovani and if Padovani can then be said to approve the issuance of a writ of mandamus for purposes of review of a pre-trial order,

then we should be compelled to reject the rule of Padovani as contrary to the rule in this jurisdiction.

The petition for a writ of mandamus is denied and the proceedings are dismissed.

MCNAMEE and THOMPSON, JJ., concur.