PARADISE PALMS COMMUNITY ASSOCIATION, a
Nevada Non Stock Cooperative Association, Appel-
lant, v. PARADISE HOMES, a Nevada Corporation;
IRWIN MOLASKY; HARRY LAHR; MERV ADEL-
SON, Respondents.

No. 8372

September 13, 1977                              568 P.2d 577

[Rehearing denied December 7, 1977]

*Harry J. Mangrum, Jr.,* Las Vegas, for Appellant.

*Lionel Sawyer Collins & Wartman,* Las Vegas, for Respond-
ents.

## OPINION

*Per Curiam:*

Subsequent to our decision in Paradise Palms v. Paradise

Homes, 89 Nev. 27, 505 P.2d 596 (1973), the trial court entered summary judgment for respondents on appellant's remaining two claims for relief. Here, appellant asks us to reverse because the trial court (1) lacked jurisdiction to enter summary judgment; (2) erred by granting such judgment; and, (3) violated appellant's right to due process. The contentions are without merit.

1. Appellant first argues that a notice of appeal it had filed from an order denying a change of venue divested the district court of jurisdiction to enter summary judgment. Appellant had filed a notice of appeal on June 27, 1975, but the venue order appealed from was not signed and entered by the court until July 8, 1975, the day summary judgment was entered. *See* NRAP 4(a); NRCP 58(c). *See also* Fitzharris v. Phillips, 74 Nev. 371, 333 P.2d 721 (1958). Thus, the notice of appeal, being premature, did not divest the trial court of jurisdiction to enter summary judgment. *Cf.* Wilmurth v. District Court, 80 Nev. 337, 393 P.2d 302 (1964).

We also reject the argument that, under NRAP 3A(b)(4), the notice of appeal stayed all proceedings in the trial court. After a ruling on the venue motion, the cited rule does provide that "on demand or motion . . . the judge . . . shall make an order staying the trial. . . ." Here, even if we assume there was a viable notice of appeal, appellant has failed to establish that it made such a "demand or motion."

2. Appellant argues it was error to grant summary judgment because respondents were in violation of NRS 78.625(2).[1] Other than the subjective statement of appellant's counsel, there is absolutely nothing of record to support such a claim. *See* Dimond v. Linnecke, 87 Nev. 464, 469, 489 P.2d 93, 96–97 (1971), where we said: "Before a transfer comes within

---

[1]NRS 78.625(2) provides: "2. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid. Every person receiving by means of any prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders."

490

that subsection the record must show the insolvency of the corporation and the intent to prefer the particular creditor to whom payment was made." Due to the absence of either circumstance, appellant's reliance on NRS 78.625(2) is misplaced.

3. Finally, appellant contends the trial court violated its right to due process by (1) refusing to set a hearing for its motion to admit out-of-state counsel and to disqualify respondents' counsel for conflict of interest, and (2) not allowing time for discovery regarding the disqualification of the trial judge. Appellant's first claim is without merit; both motions were set for, and in fact heard on, June 27, 1975.[2] The only argument appellant makes in support of its second claim is, *in toto:* "District Court refused to permit adequate discovery further violating Plaintiff's right to due process." After reviewing the record, we perceive no abuse of the trial court's discretion in denying further discovery in the matter. *See* Jones v. Bank of Nevada, 91 Nev. 368, 535 P.2d 1279 (1975).

Affirmed.[3]

---

[2]The first motion was denied due to the failure to comply with SCR 42. Appellant advanced no argument in support of its second motion.

[3]MR. JUSTICE GUNDERSON and ZENOFF voluntarily disqualified themselves and took no part in this decision. The Governor, pursuant to Art. VI, § 4 of the Constitution, designated District Court Judges William P. Beko and Stanley A. Smart to sit in their stead.