An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JESS ARNDELL CONSTRUCTION COMPANY, INC., A NEVADA CORPORATION,
Appellant,
vs.
MOGUL 41 LOTS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 65520

**FILED**

SEP 2 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion to reenter a previous order that dismissed the construction defect/mechanic's lien action below.

Respondent has moved to dismiss this appeal for lack of jurisdiction, asserting that the notice of appeal was untimely filed more than 30 days after notice of the final judgment was served. A few days later, appellant filed a notice indicating that related proceedings in the bankruptcy court were reopened, suggesting that the automatic stay under 11 U.S.C. § 362(a) applies to this appeal. Responses in opposition were filed to both the motion to dismiss and the notice of automatic bankruptcy stay. We address the notice of stay first.

*Automatic bankruptcy stay*

Respondent asserts that the automatic bankruptcy stay does not apply to this matter because this matter concerns neither the debtor nor bankruptcy estate property. According to respondent, while the real property at issue in this case was formerly part of the bankruptcy estate, the real property was knowingly abandoned by the trustee, such that that property is no longer part of the bankruptcy estate and is not subject to

Supreme Court
of
Nevada

(O) 1947A

14-32290

readministration. Appellant argues that, while the exact reasons for reopening the bankruptcy proceedings are unclear, it is possible that the trustee will seek to revoke the abandonment and bring the property back into the bankruptcy estate.

Since the property at issue in this appeal was abandoned by the bankruptcy trustee, it is not currently property of the estate. *See In re Hermosilla*, 375 B.R. 20, 25 (Bankr. D. Mass. 2007) (recognizing that property abandoned by the bankruptcy trustee was no longer a part of the bankruptcy estate). As a result, we conclude that the automatic stay does not prevent the continuation of this appeal. *See* 11 U.S.C. § 362(a) (2012) (providing that the filing of a bankruptcy petition operates to stay, automatically, the continuation of any judicial action against the bankruptcy debtor and various other acts with respect to property of the estates). Thus, no action will be taken on the notice.

*Motion to dismiss*

Appellant filed its first notice of appeal in the district court on April 17, 2013, challenging an interlocutory order dismissing its counterclaims. That appeal was docketed as *Jess Arndell Construction Co. v. Mogul 41 Lots*, Docket No. 63029. On October 8, 2013, the district court entered a final judgment dismissing the entire action below. Notice of the October 8 judgment's entry was served electronically that same day, but no notice of appeal from the October 8 judgment was filed. Shortly thereafter, appellant's appeal in Docket No. 63029 was dismissed for lack of jurisdiction, and remittitur issued on November 25, 2013. After remittitur was received by the district court two days later, appellant filed a motion in the district court seeking reentry of the October 8 final judgment on the basis that the district court lacked jurisdiction over the

matter while the appeal was pending. That motion was granted in a March 19, 2014, order, and appellant then filed this appeal from the March 19 order. In its motion to dismiss this appeal for lack of jurisdiction, respondent argues that the October 8 judgment was the final judgment and that appellant's April 18, 2014, notice of appeal was thus untimely. Appellant maintains that the district court lacked jurisdiction to enter the October 8 judgment, rendering the October 8 judgment void.

In *Buffington v. State*, a criminal case, we recognized that this court retains sole jurisdiction over a matter on appeal until remittitur issues transferring jurisdiction back to the district court. 110 Nev. 124, 126, 868 P.2d 643, 644 (1994) (citing NRS 177.155 and NRS 177.305). Four years later, however, we further explained in *Dickerson v. State* that when remittitur issues in an appeal over which we lack jurisdiction, its purpose is not to transfer jurisdiction back to the district court but to notify the district court that the notice of appeal did not divest it of jurisdiction in the first place. 114 Nev. 1084, 1087, 967 P.2d 1132, 1134 (1998). Moreover, our opinions in the civil context have long recognized that notices of appeal from nonappealable orders do not divest the district court of jurisdiction. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987) (explaining that the proper and timely filing of a notice of appeal is jurisdictional); *Knox v. Dick*, 99 Nev. 514, 516, 665 P.2d 267, 269 (1983) ("An appeal from a non-appealable order does not divest the trial court of jurisdiction."); *Wilmurth v. Dist. Court*, 80 Nev. 337, 340-41, 393 P.2d 302, 303 (1964) (same); *see also* NRAP 4(a)(6) ("A premature notice of appeal does not divest the district court of jurisdiction."). Therefore, the October 8 judgment was proper and constituted the final judgment in the case below, appealable under NRAP

3A(b)(1), and appellant's failure to timely appeal from that judgment renders this court without jurisdiction. NRAP 4(a)(1); *cf. Campos-Garcia v. Johnson*, 130 Nev. ___, ___, 31 P.3d 890, 890 (2014) ("[A]n appeal must be taken from an appealable order when first entered; superfluous or duplicative orders and judgments—those filed after an appealable order has been entered that do nothing more than repeat the contents of that order—are not appealable."). Accordingly, we grant respondent's motion and

ORDER this appeal DISMISSED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:  Hon. Brent T. Adams, District Judge
Charles R. Kozak
Walsh, Baker & Rosevear, P.C.
Early Sullivan Wright Gizer & McRae, LLP
Washoe District Court Clerk