## H. W. Saxton v. J. W. Curley.

1. APPEAL — *how, taken from judgment in forcible entry and detainer.* Where the defendant seeks to appeal from a justice's judgment in a proceeding of forcible entry and detainer, it is essential that within five days from the date of such judgment he apply to the trial court for an appeal and have the amount of the appeal bond fixed.

2. CERTIORARI — *when judgment in forcible entry and detainer may be reviewed by.* Where the defendant in a forcible entry and detainer case has sought to appeal from the judgment entered by a justice of the peace, and for that purpose has made application to the justice rendering such judgment, and where such justice has denied the appeal and refused to fix the amount of the appeal bond, such defendant may have such judgment reviewed on *certiorari.* (So held by way of *dicta.*)

Saxton v. Curley.

Action of forcible entry and detainer.   Appeal from the Circuit Court of Lawrence County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1903.   Affirmed.   Opinion filed March 10, 1904.

GEE & BARNES, for appellant.

LEWIS & SUMNER and J. E. McGAUGHNEY, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Suit was brought by appellee against appellant in forcible entry and detainer before a justice of the peace to recover possession of forty acres of land.' Appellant was duly served with process and appeared and was present at the trial.   According to the transcript of the justice the case was called for trial and the defendant (appellant) pleaded guilty to the complaint and "confessed the plaintiff's right of action and that he had no defense."   The justice entered judgment for the plaintiff.   Four days later defendant attempted to appeal the case to the Circuit Court by filing bond with the circuit clerk of Lawrence County.   At the May term, 1903, of the Circuit Court, plaintiff (appellee) moved the court to dismiss the appeal.   Defendant filed cross-motion to dismiss plaintiff's motion to dismiss appeal. By leave of the court, affidavits were filed in support of motion and cross-motion.   The court denied the cross-motion of defendant, sustained the motion of the plaintiff, and dismissed the appeal.   From that order 'the case is brought to this court by appeal.

Whether the judgment before the justice of the peace was a "judgment confessed" within the meaning of par. 115, chap. 79, S. & C. Statutes, so as to bar the right to an appeal, it is not necessary to inquire.   It is sufficient for the determination of this case that by the transcript it was a valid binding judgment until set aside or vacated in the manner provided by law.   Upon a plea of guilty and admission by defendant of the plaintiff's right to recover, which appears to have been done in this case, as we get it from the transcript and affidavits on file, the judgment was authorized and in conformity with the recognized practice

in all courts and in all cases where neither party is incompetent by reason of minority or deficient mental capacity.

The statute provides the only way whereby an appeal may be taken from a judgment in forcible entry and detainer. Sections 18 and 19, chap. 57, Starr & Curtis, require that appeal must be prayed and bond filed within five days from the rendition of the judgment  *  *  *  "which said bond shall be in sufficient amount to secure rent, damages and costs to be ascertained and fixed by the court." By his failure to apply to the trial court for an appeal and have the amount of the bond fixed within five days, as required by the statute, the defendant lost his right to an appeal. Had he made application for that purpose, and had the justice denied the appeal and refused to fix the bond, he would not be without remedy under the statute, for with timely application and proper showing the judgment might have been reviewed on *certiorari*. The construction of the statute here given is that of the Supreme Court in Fairbank v. Streeter, 142 Ill. 226.

It is therefore held that the appeal was rightly dismissed and the judgment of the Circuit Court will be affirmed.

*Affirmed.*