### HUNSAKER v. HARRIS.

No. 2071.   Decided January 24, 1910 (109 Pac. 1.)

1. FORCIBLE ENTRY AND DETAINER—STATUTORY PROVISIONS.   Comp. Laws 1907, sec. 3586, prescribing a special time for taking proceedings for appeal in forcible entry and detainer, is valid.   (Page 227.)

2. APPEAL AND ERROR—TIME WITHIN WHICH TO TAKE PROCEEDINGS—FORCIBLE ENTRY AND DETAINER.   Comp. Laws 1907, sec. 3586, relating to forcible entry and detainer, provides that either party may appeal within ten days from judgment, and section 3587 declares that the provisions of the Code relating to the appeals, so far as not inconsistent with the chapter, shall apply to proceedings thereunder.   *Held*, that the time within which proceedings must be taken was that prescribed in said section 3586, and not the general provision contained in section 3301.   (Page 227.)

3. APPEAL AND ERROR—TIME FOR TAKING PROCEEDINGS—DISMISSAL.   An appeal in forcible entry and detainer not taken within the time prescribed will be dismissed.   (Page 228.)

Appeal from District Court, First District; *Hon. W. W. Maughan,* Judge.

Action by Israel Hunsaker against Adolph Harris.

Judgment for defendant.   Plaintiff appeals.

APPEAL DISMISSED.

*J. D. Call* for appellant.

*T. D. Johnson* and *C. E. Foxley* for respondent.

STRAUP, C. J.

This is an action brought in the district court for forcible entry and detainer.   Upon a trial of the issues a motion

of nonsuit was granted and a judgment rendered on the 4th day of March, 1909. The judgment was entered on the day following. It does not appear that a motion for a new trial was made. The judgment of nonsuit, therefore, became final on the 5th day of March, 1909. On the 24th day of June, 1909, a notice of appeal was served and filed by the plaintiff, appealing from that judgment to this court. A motion is here made to dismiss the appeal on the ground that the appeal was not taken within time.

By our Code of Civil Procedure the rights and remedies in an action of forcible entry and detainer are defined and the procedure prescribed. It is there provided (section 3586, Comp. Laws 1907) that "either party may, within ten days, appeal from the judgment rendered." It is further provided that execution of the judgment shall not be stayed unless an undertaking, as by that section provided, be made and filed within ten days. By the succeeding section of the forcible entry and detainer chapter it is provided that "the provisions of this Code relating to civil actions, appeals, and new trials, so far as they are not inconsistent with the provisions of this chapter, apply to the proceedings mentioned in this chapter." The Code, relating to appeals in civil actions in general (section 3301, Comp. Laws 1907), provides that an appeal may be taken within six months from the entry of the judgment or order appealed from. If the appellant was entitled to prosecute the appeal under the provisions of section 3301, the appeal was taken in time. If he was required to prosecute the appeal under the provisions of section 3586, it was not in time; the appeal not having been taken until 111 days after the entry of the judgment. We think he was required to prosecute the appeal under the latter section and within ten days from the rendition of the judgment, or, at least, within ten days from the entry of it. The manner of taking appeals is statutory. The Legislature fixed a period of ten days within which an **1, 2** appeal may be taken from a judgment rendered in an action of forcible entry and deatiner. It undoubtedly had the power to prescribe such a time. A party desiring

to appeal from a judgment rendered in such an action is required to take and perfect it in the manner prescribed by the special statutory provision relating to the subject of forcible entry and detainer. The provisions of the Code as to ordinary cases of appeal, so far as they are inconsistent with the special statutory provisions relating to the subject, have no application to such cases. (*Hastings v. Hennessey*, 52 Mo. App. 172; *Hadley v. Bernero*, 103 Mo. App. 549, 78 S. W. 64; *Slaughter v. Crouch* [Ky.], 64 S. W. 968; *Audubon Hotel v. Braunig*, 119 La. 1070, 44 South. 891; *Saxton v. Curley*, 112 Ill. App. 450; *Getty v. Miller*, 10 Colo. App. 331, 51 Pac. 166.)

The appeal not being in conformity with such provisions, it follows that we have no jurisdction of the case, and that the appeal must therefore be dismissed, with costs.

Such is the order.

FRICK and McCARTY, JJ., concur.