[No. 2413]

## C. E. ROBERTS, LESLIE SMITH, Et Al., Petitioners, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, DEPARTMENT TWO THEREOF; The Honorable THOMAS F. MORAN, Acting Judge Therein and SCHEELINE BANKING AND TRUST COMPANY (a Corporation), Respondents.

[185 Pac. 1067]

1. Mandamus—Will Issue on Erroneous Rejection of Jurisdiction.

Where the lower court's refusal to take jurisdiction of an appeal from a justice court involved no disputed question of fact, but depended upon the court's erroneous view as to time in which an appeal could be perfected, mandamus will issue to require the court to try the action.

2. Justices of the Peace—Appeal in Unlawful Detainer To Be Taken within Ten Days.

Civil practice act, sec. 659, providing that unlawful detainer appeals from justice court must be taken within ten days after judgment, governs the time for appeal in such actions, and is unaffected by section 846, providing generally that justice court appeals may be taken within thirty days after judgment.

3. Landlord and Tenant—Tenancy from Month to Month.

A tenancy for an indefinite term with monthly rentals reserved creates a tenancy from month to month.

4. Landlord and Tenant—Notice to Quit Necessary in Unlawful Detainer.

Under civil practice act, sec. 646, subd. 2, as amended by Stats. 1917, c. 27, authorizing unlawful detainer proceedings against a tenant at will after serving him with notice to quit, the notice is an essential element of the action and must be expressly alleged in the complaint.

5. Landlord and Tenant—Notice to Quit in Unlawful Detainer Insufficient.

Under civil practice act, sec. 646, subd. 2, as amended by Stats. 1917, c. 27, requiring a tenant at will to be served with notice to quit before instituting unlawful detainer proceedings, the notice must be clear and unconditional, and a notice that the landlord could not continue to rent the premises "for occupancy as billiard- or poolroom" after a certain date is insufficient.

Original Proceeding. Application for mandamus by C. E. Roberts and others against the Second Judicial District Court of the State of Nevada in and for the

County of Washoe, Department 2 thereof, Hon. Thomas F. Moran, Acting Judge therein, and the Scheeline Banking and Trust Company. **Writ issued.**

*M. J. Scanlan* and *James Glynn,* for Petitioner:

Notice to quit must not be conditional, but absolute and positive. Underhill, Landlord and Tenant, vol. 1, secs. 118, 119. It must be explicit and positive. Taylor, Landlord and Tenant, sec. 483. Statutory notice is a condition precedent. Lacrabere v. Wise, 141 Cal. 555. Plaintiff must bring himself clearly within the detainer act. Opera House v. Bert, 52 Cal. 471. Service of notice to quit is mandatory. Paul v. Armstrong, 1 Nev. 98. Notice must be absolute. Ayres v. Draper, 11 Mo. 548.

Notice to quit is a request from a landlord to his tenant to quit the premises leased and give possession to the landlord at a time therein mentioned. The words of the notice must be clear and decisive, without ambiguity or alternative to the tenant. Bouvier's Law Dict.; Adams on Ejectment, 120–122; Bouvier's Amer. Law, vol. 1, 2d ed., secs. 1799, 1800.

Tenant has a right to stand upon proof of the exact service required by statute. Lowman v. West, 36 Pac. 258. Where a party brings an action for the possession of property which he claims as being unlawfully detained from him, he must allege and prove not only that he has the right of and is entitled to possession, but that such property is being unlawfully detained, after notice to quit has been served as provided by law. Barnes v. Cox, 41 Pac. 557.

*Harlan L. Heward* and *James T. Boyd,* for Respondents:

This is not a proper case for the issuance of a writ of mandamus. Treadway v. Wright, 4 Nev. 119; Breckenridge v. Lamb, 34 Nev. 275. Jurisdiction of the district court is fixed by the constitution. Const. Nev. sec. 6, art. 6. Though the decision of the district court be erroneous, it may not be corrected by writ of mandamus. Floyd v. District Court, 36 Nev. 352.

An appeal must be taken within the statutory time. Weinrich v. Porteous, 12 Nev. 102; Reinhart v. Co. D, 23 Nev. 369; Luke v. Coffee, 31 Nev. 165; Candler v. Ditch Co., 28 Nev. 15. This is especially true in regard to actions for forcible entry and detainer. "The law applicable to forcible entry and detainer and appeal therefrom must be rigidly complied with to give the supervising court jurisdiction." Holman v. Hogg, 83 Mo. App. 370; Purcell v. Merrick, 158 S. W. 478.

Respondents did not waive objection that appeal was not taken within the statutory time. Parties cannot even stipulate that appeal was taken in time, where the records show that it was not taken in time. Estate of More, 143 Cal. 493; 2 Hayne, New Trial and Appeal, p. 1084. "The jurisdiction of the district court on appeal in actions of forcible entry and detainer, being derivative only, is not aided by consent of parties." Bably v. Musser, 89 N. W. 742.

By the Court, DUCKER, J.:

This is an application for a peremptory writ of mandamus to compel one of the respondents, District Judge Thomas F. Moran, to proceed with the trial of a certain action appealed from the justice court to the district court in which said judge presides.

The petition shows that the respondent Scheeline Banking and Trust Company commenced an action against the petitioners in the justice's court of Reno township for the restitution of certain premises situated in the city of Reno, Nevada, let by said company to petitioners. Prior to the commencement of this action the Scheeline Banking and Trust Company served petitioners with a notice, of which the following is a copy:

"Scheeline Banking and Trust Company.
"Reno, Nevada, Feb. 27, 1919.
"Mr. C. E. Roberts, No. 116 E. Commercial Row, Reno, Nevada—Dear Sir: Please take notice that on account of noise made by operating room at No. 116 E. Commercial Row as a billiard or pool room interfering with our

other tenants in same building, we cannot continue to rent room for occupancy as billard or pool room after the 31st day of March, 1919. Please be governed accordingly.

"Yours very truly,    H. Lewers, Cashier."

A verdict and judgment were entered in the action in the justice's court in favor of the respondent company on the 16th day of July, 1919, and thereafter, on the 2d day of August, 1919, a notice of appeal was served by petitioners, and filed in said district court on the 5th day of August, 1919. On motion of the respondent Scheeline Banking and Trust Company, the appeal was dismissed by the district court. The ground of the ruling of the court below in dismissing the appeal was that notice thereof was not filed in the district court within ten days from the judgment rendered, in accordance with section 5601 of the Revised Laws of Nevada, concerning actions for unlawful detainer.

1. Petitioners contend that the action was not for unlawful detainer, but for possession and damages, and that, as the appeal was duly perfected within thirty days from the rendition of judgment in the justice's court, as provided by section 5788 of the Revised Laws, the ruling of the district court was error, which can be corrected by mandamus.

Counsel for respondents insist that the action of the district court in dismissing the appeal was a judicial act, within its jurisdiction conferred by the constitution, and, even if erroneous, cannot be remedied by mandamus. This contention is sustained by several decisions of this court, the latest of which is the case of Ex Parte Breckenridge, 34 Nev. 275, 118 Pac. 687, Ann. Cas. 1914B, 871; but these have all been expressly overruled by the decision in the case of Floyd v. District Court, 36 Nev. 349, 135 Pac. 922. It was there held that mandamus would lie to compel the district court to proceed with the trial of a case on appeal from the justice's court, where it had acquired jurisdiction, but had erroneously decided that it was without jurisdiction. No

question of fact pertaining to jurisdiction was involved in the case of Floyd v. District Court. The lower court based its action on what this court conceived to be a misconstruction of the statute prescribing statutory requirements in taking an appeal from the justice's court, and tantamount to a refusal to take jurisdiction. We are asked to overrule Floyd v. District Court. If the contention were conceded, then the district court has power, by a misconstruction of some statute governing appeals from the justice court, to determine that it has no jurisdiction when the appellant is entitled to a trial on the merits. If it has power to thus divest itself of jurisdiction, then, as a logical consequence, it ought to have discretion by a misconstruction of the law to acquire jurisdiction when it has not. That it has no power to thus invest itself with jurisdiction is a rule of law too well recognized to be paraded in citations.

The proposition is pointedly stated in the dissenting opinion of Justice Paterson, concurred in by Chief Justice Beatty, in the case of Buckley v. Superior Court of Fresno County, 96 Cal. 119, 31 Pac. 8, decided by the Supreme Court of California:

"If the ruling of the court in the first case was merely erroneous, why was it not merely erroneous in the second case supposed? The court had jurisdiction to hear and decide the motion in the first case, and for that reason it is said its ruling was mere error, although it affirmatively appeared on the record that the court had jurisdiction to hear the appeal. Is it not equally true that in the second case the court had jurisdiction to hear and determine the objection and the motion before it? If its ruling in the one case was merely erroneous, was it not merely erroneous in the other? The error of the court rests in the assumption that, in determining that it has not jurisdiction, although the record affirmatively shows that it has, the superior court may exercise discretion, while it is admitted in determining that it has jurisdiction, when the record shows affirmatively that it has not, there is no discretion in the court, and its order

is void. If it be true that a court has no power to say it has jurisdiction when the record shows it has not, the converse of the proposition must be true—that, if the record shows it has jurisdiction, it has no right to say it has not. The question of discretion or error is entirely foreign to the discussion. If the record shows it has jurisdiction, that is the end of it; the court must proceed. It has no power to say that it will not. If the record shows affirmatively that it has not jurisdiction, it has no power to say that it will proceed. In each case the court is bound by the jurisdictional facts appearing of record; it cannot ignore or dispute them. As said in Levy v. Superior Court, 66 Cal. 292, 5 Pac. 353: 'The case is not like those which are dependent upon the existence of facts aliunde.' "

This reasoning seems to us to be entirely sound, and the views expressed were said to be warranted by the authorities in the case of Golden Gate Tile Co. v. Superior Court, 159 Cal. 474, 114 Pac. 978, which overruled the Buckley case.

The rule declared in the case of Golden Gate Tile Co. v. Superior Court, supra, that a superior court may not, on an appeal regularly taken from a justice court, divest itself of jurisdiction by dismissing the appeal under a mistaken view of the law, was recognized and approved in the case of Edwards et al. v. Superior Court of Alameda County, 159 Cal. 710, 115 Pac. 649. In the latter case a dismissal of the appeal under such circumstances was declared to be a refusal to perform a plain statutory duty to decide a cause, the remedy for which is a writ of mandate.

In Griffin Co. v. Howell, 38 Utah, 357, 113 Pac. 326, also cited in Floyd v. District Court, this doctrine is upheld. While it must be admitted that there is a diversity of opinion among the authorities on the question, we are in accord with the rule declared in Floyd v. District Court, and will adhere to it. It is controlling in this case before us as to the propriety of the writ of mandate, if the lower court has jurisdiction and has

sought to renounce it, for here, as there, the record shows affirmatively that there is no controverted question of fact upon which jurisdiction is dependent; only a question of law is presented as to whether, under prescribed procedure, the notice of appeal was filed in the district court within the required time. We will examine this question.

2. Chapter 65 of the civil practice act of this state, relating to forcible entry and detainer and unlawful detainer, treats of summary proceedings for obtaining possession of real property. These proceedings are governed by the provisions of this chapter wherever they are inconsistent with the other provisions of the civil practice act. In this regard section 661 of the civil practice act, included in chapter 65, provides that:

"The provisions of this act, relative to civil actions, appeals, and new trials, so far as they are not inconsistent with the provisions of this chapter, apply to the proceedings mentioned in this chapter."

Section 846 of the civil practice act, which provides that an appeal in a civil action in a justice court may be taken to the district court at any time within thirty days after notice of entry of judgment, can therefore have no application, if the action is one for unlawful detainer, for section 659 of the civil practice act, relating to this kind of an action, prescribes that the appeal must be taken within ten days from the rendition of judgment. This section is controlling. Hunsaker v. Harris, 37 Utah, 226, 109 Pac. 1, and cases cited.

Do the allegations of the complaint show that petitioners are guilty of unlawful detainer? Its allegations show that the Scheeline Banking and Trust Company was at the times mentioned, and still is, the owner and entitled to the possession of the premises, and describes them with certainty; that the company rented said premises to C. E. Roberts, one of the petitioners, by the month, for $75 per month, payable in advance on the 1st day of each month; that he entered into possession of the said premises under said rental, and ever since and

up to the 1st day of June, 1919, has continued to occupy and conduct a business of pool- and billiard-parlor and saloon business in and on said premises; that on the 27th day of February, 1919, the company notified him in writing that he could not continue to occupy said premises after the 31st day of March, 1919, as a billiard- or poolroom, and at the same time notified him that they would not continue to rent him the said premises, or permit him to occupy the said premises as a billiard- or poolroom, after the said 31st day of March, 1919; that he had continued to occupy said premises after said 31st day of March, 1919, and up to and until the 1st day of June, 1919, has continued to conduct a billiard- and pool-parlor therein, and has refused and still refuses to surrender and deliver up said premises to the company. Then follow the allegations that since the 1st day of June, 1919, the other petitioners have been in charge of the premises, and occupying the same, and conducting a business of pool- and billiard-parlor and saloon business therein, and now holding said premises for themselves and said Roberts, and that they and each of them have refused and still refuse to surrender and deliver up said premises to the company; that the sum of $150 is due for rent and unpaid. The prayer is for the restitution of the premises, for judgment for the unpaid rent, damages for the unlawful occupation and detainer of the premises, and for costs.

3. The complaint discloses a tenancy from month to month. A tenancy for an indefinite term, with monthly rent reserved, creates a tenancy from month to month. 24 Cyc. 1034. If it alleges an action for unlawful detainer, it must be by reason of section 646, subd. 2, as said section was amended by an act of the legislature approved February 20, 1917. Stats. 1917, p. 31. Section 646, as amended, in the subdivision reads:

"A tenant of real property, for a term less than life, is guilty of an unlawful detainer:     *     *     *

"2. When, having leased real property for an indefinite time, with monthly or other periodic rent reserved,

he continues in the possession thereof, in person or by subtenant, after the end of any such month or period, in cases where the landlord, fifteen days or more prior to the end of such month or period, shall have served notice requiring him to quit the premises at the expiration of such month or period.   *   *   * "

4. Before a landlord can resort to the summary remedy of an action for unlawful detainer under subdivision 2, he must terminate the tenancy by serving a notice to quit possession as required therein.   The notice to quit, being a part of the statutory definition of the offense, necessarily enters into the gist of the action, and must be made to appear by express averment in the complaint. Martin v. Splivalo, 56 Cal. 128.   In the case of Lacrabere v. Wise, 141 Cal. 554, 75 Pac. 185, the court said:

"It is an essential prerequisite to the maintenance of an action for unlawful detainer, under section 1161 of the code of civil procedure, that a three days' notice, demanding payment of the rent due, or possession of the leased premises, should be served upon the defendants, as subdivision 2 of that section requires.   It is equally essential to allege the service of such demand in the complaint, and, if controverted, prove it on the trial."

5. In order to effect a termination of the tenancy that will make the detention of the premises thereafter unlawful under subdivision 2 of the statute, the notice to quit the possession must be specific and peremptory. A conditional or uncertain notice will not answer the requirements of the statute.   Unless the notice is clear and unconditional, the element of unlawful detention is not established.   Mr. Taylor, in his work on Landlord and Tenant, at page 70, says:

"The notice must be explicit and positive, fulfilling strictly the requirements of the statute.   It should not give the tenant the mere option of leaving the premises, or require him to enter into a new contract on certain conditions, or the like."

In an action for unlawful detainer, it was held in Baltimore Dental Association v. Fuller, 101 Va. 627, 44 S. E.

771, a notice to terminate a tenancy must be explicit and positive; a conditional notice is not sufficient.

"A notice to quit must be plain and unequivocal in its terms, leaving no doubt as to the intention of the party giving it, so that the other party may safely act thereon." 2 Tiffany, Landlord and Tenant, p. 1443.

Tested by the statute itself and applicable principles, we are of the opinion that the complaint does not set forth an action in unlawful detainer.

One who seeks the summary remedy allowed by the statute must bring himself clearly within the terms of the detainer act. Opera House Association v. Bert, 52 Cal. 471. The complaint nowhere avers that the detention of the premises is unlawful, within the meaning of the detainer act. This is not accomplished by the averment of notice as alleged therein. The averment is, to say the least, ambiguous, and petitioners may have reasonably believed therefrom, and also from the notice served, that the objection to their possession of the premises was only to the manner of the occupancy as a billiard- and pool-parlor. Viewed from respondent's most favorable standpoint, it cannot be said that the allegations of the complaint or the proof in support thereof constitute a positive and unconditional notice to quit the premises, fulfilling the requirements of the statute.

As the complaint does not bring the action clearly within the detainer act, and the appeal having been perfected within the time allowed by section 846 of the civil practice act, it follows from our conclusions that the respondent court was without power to divest itself of jurisdiction, and should proceed to a trial of the action.

Let the writ of mandate issue accordingly.