Mrs. Eva NYGARD and Mrs. Margaret Whiteley, Plaintiffs,

v.

JUNEAU YACHT CLUB, an unincorporated association, Defendant.

No. A–7098.

District Court, Alaska
First Division, Juneau.

Dec. 23, 1954.

William L. Paul, Jr., and John S. Mansuy, Jr., Juneau, Alaska, for plaintiffs.

Norman C. Banfield, of Faulkner, Banfield & Boocheever, Juneau, Alaska, for defendant.

FOLTA, District Judge.

When the plaintiffs rested, the defendant moved to dismiss the complaint on the ground that the notice given by the defendant of the termination of the lease did not constitute constructive eviction.

The plaintiffs leased the premises involved from the defendant for three years. The lease contains an express provision for forfeiture upon breach of the conditions specified. The notice of termination of the lease charges that the plaintiffs violated the provision prohibiting assignment of the lease and the subletting of the premises. At a conference between the parties the plaintiffs announced that they would treat the notice as a breach and sue for damages, but were informed by the defendant that they could remain in possession of the premises pending an adjudication of the rights of the parties in a suit to be instituted by the defendant. Notwithstanding, the plaintiffs surrendered the premises.

In granting the motion to dismiss, the Court followed the majority view which is set forth in 14 A.L.R.2d 1450, as follows:

"There is some authority to the contrary, but the prevailing view would seem to be that mere notice to the tenant to quit, followed by his vacation of the premises, is not of itself sufficient to constitute an eviction and give the tenant a right to damages, the theory being that to constitute a constructive eviction there must be some substantial interference injurious to the tenant's beneficial use and enjoyment of the premises."

Both the majority and minority views are stated in 52 C.J.S., Landlord and Tenant, § 458, p. 179, citing 36 C.J. p. 267, note 12. However, all the cases cited for the minority view are distinguishable on the facts from the case at bar except Eggers v. Paustian, 190 Iowa 638, 180 N.W. 873.

Since the minority rule finds so little support among the authorities, and since no persuasive reasons were advanced in the instant case for the adoption of that rule, and in view of the reasons underlying the majority view, I am convinced that it is the sounder one.