E. S. HEWARD, Appellant, *v.* WESTERN PACIFIC RAILROAD CO., Respondent.

No. 4109

February 25, 1959          335 P.2d 610

(Petition for rehearing denied March 30, 1959.)

*Ralph M. Tucker,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey & Thompson,* of Reno, for Respondent.

# OPINION

By the Court, BADT, J.:

Heward sued the Western Pacific for damages allegedly caused by the defendant's wrongful cancellation of a lease and lease extension from the Western Pacific to Heward. Judgment was entered for the defendant upon a directed verdict. In his appeal from such judgment, Heward assigns as error the trial court's rejection of a letter offered by him as constituting an extension of a subsisting lease. The ruling was, in our opinion, correct, as appears from the following circumstances.

On July 1, 1947, the railroad company entered into a lease with Heward for portions of three lots in Reno abutting on a line ten feet from what was known as "the S. P.-W. P. interchange track." The term was one month from the first day of July 1947, and provided that a holding over should be deemed a tenancy from month to month only. It fixed a rental of $20 per month, payable monthly in advance.

This lease being in evidence, plaintiff offered a letter purporting to be written by an agent of the Western Pacific dated November 2, 1951, which, after calling attention to some difficulties theretofore had with the lessee, contained this language: "As long as you conduct your operations safely and within the terms of the lease we will let you stay there until such time as we need it for some higher use. In view of the many complaints we have had, however, we are going to insist that you post a bond guaranteeing the observance of the terms and conditions of the lease. We will have a

bond prepared within a short time which you should have executed by one of the bond companies at Reno and return to us promptly. In the meantime we will accept your rent for the month of November [1951]."

Heward remained in possession, paying the monthly rent. On January 7, 1953, the railroad company served on Heward "notice of termination of tenancy and notice to quit," effective "at the expiration of the month of your monthly tenancy of said premises commencing on the first day of January 1953." Heward left the premises early in February 1953. He had not paid the January 1953 or February 1953 rent. He commenced the present action March 5, 1956. When the letter of November 2, 1951, was offered in evidence to prove the extension of the lease, objection was made on the ground of lack of proper foundation and upon the ground that it was incompetent, irrelevant and immaterial. It was clearly immaterial as proof of extension of the lease of July 1, 1947. That lease created at the most a tenancy from month to month. Roberts v. District Court, 43 Nev. 332, 185 P. 1067; Proskey v. Colonial Hotel Co., 36 Nev. 76, 133 P. 390. No attack is made by appellant on the sufficiency or legality of the notice to quit.

The letter of November 2, 1951, was not, as we have noted, an extension of the lease of July 1, 1947. Even accepting appellant's contention that it extended the lease "until such time as we need it for some higher use," the record shows that the premises had been used by Heward for storage of scrap metal and that the railroad company felt that there was a demand for lots for construction of warehouses and they wanted the lots cleared so that they would be available for such use. This was apparently considered by the railroad company to be a "higher use." As the legal effect of the letter was not to create an extension of the lease, it was immaterial.

Appellant's further offers of evidence were likewise rejected by the district court on the ground that they were not material since Heward had not established that he was a lessee of the premises. Such rulings are likewise assigned as error, but it is apparent that any

such further evidence was immaterial upon the plaintiff's failure to prove his basic contention that he was a lessee under a lease and lease extension that precluded a termination of the tenancy.

Appellant further assigns as error the court's denial of his motion for an order requiring the railroad company to produce its office copy of the letter of November 2, 1951. This was based upon the contention that it contained sundry original notations indicating that copies had been sent to sundry persons who might be shown to be officers of the defendant corporation, and that the continued silence of such officers amounted to a ratification of the letter. While this might have some bearing on the competency of the letter as evidence, it could not affect its lack of materiality.

Affirmed with costs.

MERRILL, C. J., and McNAMEE, J., concur.