518 P.2d 684

Linda FERNANDEZ, Plaintiff and Respondent,

v.

John PURDUE and Beth Roberts Purdue, Defendants and Appellants.

No. 13320.

Supreme Court of Utah.

Jan. 24, 1974.

John Purdue and Beth Roberts Purdue, pro se, for defendants-appellants.

Craig M. Peterson, of Salt Lake County Bar Legal Services, Salt Lake City, for plaintiff-respondent.

CALLISTER, Chief Justice:

Defendants appeal from a judgment of the district court, wherein plaintiff was awarded damages for the forcible entry, Sec. 78–36–1, U.C.A.1953, of defendants into premises occupied by plaintiff.

The judgment was entered on April 3, 1973, and defendants filed their notice of appeal from that judgment on April 30, 1973. This appeal was not taken within ten days, the time provided in Sec. 78–36–11, U.C.A.1953. This court is without jurisdiction to entertain the instant appeal.[1]

---

1. Coombs v. Johnson, 26 Utah 2d 8, 484 P.2d 155 (1971); Hunsaker v. Harris, 37 Utah 226, 109 P. 1 (1910).

The appeal is dismissed. No costs are awarded.

HENRIOD and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring in the result).

I concur in the result arrived at by the main opinion of affirming the judgment. But I would do so on a different basis. If this action is looked upon as it was initiated and pursued by the plaintiff, it is an action in tort, as alleged in her complaint, for "malicious and wanton acts" of the defendants in turning off gas and electricity in her apartment which was injurious to the comfort, health and safety of herself and her two children; and that is what she was awarded the $100 general and $50 punitive damages for.

Plaintiff neither alleges in her complaint, nor was she in fact subjected to or involved in any actual forcible entry or unlawful detainer, or dispossession of her premises. It is true that the phrase "forcible entry" is interpolated into the findings and judgment. But if the entire case is looked at in its essential nature, it is not one brought under, or in reliance on, the Forcible Entry - and Detainer statutes (Chap. 36, Title 78, U.C.A.1953); and thus it is different from the cases cited by the main opinion. Because the essential character of this action is as stated above, I do not think it is governed by the accelerated appeal limitation of Sec. 78–36–11, U.C.A.

1953. On this point it should be of some significance that the defendants did not move to dismiss the appeal on that ground.

Consequent to what I have said above, I would consider the appeal upon its merits. In doing so, it is my opinion that the defendants-appellants have not sustained their burden of showing that the judgment was in error; and that there is ample basis in the record to support the findings and judgment.

ELLETT, Justice: (dissenting).

I dissent.

The plaintiff in this action was a tenant of defendants occupying Apartment No. 3. Her sister-in-law was a tenant in Apartment No. 2. When the sister-in-law vacated her apartment, the plaintiff without authority of the owners moved into it and remained despite efforts to remove her. She claims that she paid $12 for past due rent on Apartment No. 3 and tendered $125 at the same time for one month's rent on Apartment No. 2. Mrs. Purdue gave a written receipt for $12 and told plaintiff that she would hold the $125 to apply on damages which plaintiff had caused to Apartment No. 3. No other rent was ever paid by the plaintiff to the defendants, although two girls, strangers to this action and unknown to Mrs. Purdue, paid $25 in August as their share of rent of Apartment No. 2 and asked that it be credited to the account of plaintiff. They said they also had been

tenants in the apartment and wanted to pay their share of the rent.

The court found a tenancy arrangement existed between the plaintiff and the Purdues, and we should honor his finding in that regard, even though we might disagree with it, since the plaintiff testified to that effect. However, the court never found what the terms of that arrangement were, nor could he have done so from the evidence except, perhaps, to find that plaintiff was to pay $125 per month. The evidence showed that Apartment Nos. 1, 3, 4, and 5 were on one meter and Apartment 2 was on a separate meter. There was no evidence that the defendants agreed to furnish utilities to the plaintiff.

During August and September and while plaintiff was in possession of Apartment No. 2, the electricity was turned off for about one and one half months, and the gas furnace was turned off for eleven days.

The plaintiff ran an electric cord from another apartment and thus secured electricity in Apartment No. 2 from three plugs in the end of the extension cord. Other than the $25 paid for which a receipt was issued, the only payment ever made by plaintiff was the $125 which Mrs. Purdue kept to apply on damages occasioned to Apartment No. 3. Even assuming that $150 was paid as rent, the plaintiff was in arrears and under her own testimony had breached her rental contract to pay $125 per month in advance.

Plaintiff brought this action for damages because of interference with her rights.

These rights, if any she had, were based upon a contract to supply gas and electricity.

The failure of a landlord to furnish heat and light under his contract so to do may give a tenant a right at his election to consider it a constructive eviction, which would justify him in abandoning or surrending the premises. However, as a general rule, a constructive eviction cannot be claimed where the tenant remains in possession. Abandonment or surrender is an essential element of constructive eviction.[1]

Since the plaintiff was in breach of her agreement to pay rent—assuming she had such an agreement—she was in no position to complain because thereafter the defendants did not live up to the promises which she claims they made, to wit: to furnish her heat and light.

The rule is stated in 17 Am.Jur.2d, Contracts, Sec. 365, to be:

As a rule, a party first guilty of a substantial or material breach of contract

---

1. Automobile Supply Co. v. Scene-in-Action Corp., 340 Ill. 196, 172 N.E. 35 (Ill.1930); 49 Am.Jur.2d, Landlord and Tenant, Sec. 310.

cannot complain if the other party thereafter refuses to perform. He can neither insist on performance by the other party nor maintain an action against the other party for a subsequent failure to perform. At least, the party first committing a substantial breach of a contract cannot maintain an action against the other contracting party for a subsequent failure to perform if the promises are dependent. It has also been said that where a contract is not performed, the party who is guilty of the first breach is generally the one upon whom rests all the liability for the nonperformance. . . .

At the time of trial the plaintiff was given permission to amend her complaint by adding a prayer in tort for $100 damages for the inconvenience and harm that she suffered as a result of lack of utility service and by adding a prayer for $100 damages for the forcible entry as alleged in the complaint.

The complaint was never so amended, and Rule 15(b), U.R.C.P.,[2] does not apply, for the reason that the issue was not tried by the express or implied consent of the defendants.

In order to recover in tort, the plaintiff had the burden to show that she had a right to receive the utilities and that the defendants wrongfully interfered with that right. By failing to pay the rent, she had no right to have the defendants pay her utilities and, therefore, no cause to sue them for not continuing to furnish the same.

It thus seems clear to me that the plaintiff has no cause for action of any kind because of a failure of defendants to furnish the utilities when she is paying neither for the rent of the apartment nor for those utilities.

The trial court found as a fact:

That the defendants' conduct by terminating utility service to the premises of the plaintiff constitutes a forcible entry.

The complaint was not drawn under the forcible entry statute,[3] which reads:

Every person is guilty of a forcible entry, who either:

(1) By breaking open doors, windows or other parts of a house, or by fraud, intimidation or stealth, or by any kind of violence or circumstances of terror, enters upon or into any real property; or,

(2) After entering peaceably upon real property, turns out by force, threats or menacing conduct the party in actual possession.

The defendants never at any time entered into or upon the apartment which

---

2. This rule provides that issues not raised by the pleadings but tried by the consent of the parties shall be treated as if they had been raised in the pleadings.

3. Sec. 78–36–1, U.C.A.1953.

plaintiff occupied; and while she may have been inconvenienced, she was never dispossessed.

I, therefore, dissent from the main opinion, which dismisses the appeal. In my opinion, the appeal was timely filed, and under the merits the judgment should be reversed. Costs should be awarded to the appellants.