**Joseph BRUGGER, Plaintiff and Respondent,**

**v.**

**Valapa M. FONOTI and Barbara Fonoti, Defendants and Appellants.**

**No. 17281.**

Supreme Court of Utah.

March 31, 1982.

Richard Richards, Ogden, for defendants and appellants.

LaVar E. Stark, Ogden, for plaintiff and respondent.

HOWE, Justice:

This action was brought by Joseph Brugger to recover amounts due from the defendants, Valapa and Barbara Fonoti, under a lease agreement. The trial judge, sitting without a jury, found in favor of the plaintiff and awarded him damages in the amount of $18,141.00. Defendants appeal.

On June 10, 1978, the defendants rented the ground floor of a building in Ogden, Utah, to establish and operate a restaurant. On October 16, 1978, they negotiated a ten year lease with the owners of the property, Darrell and Cleo Iverson. In November 1978, the Iversons rented the space below the defendants to persons operating a disco. The defendants thereafter complained to the Iversons that the loud disco music was interfering with their business, as well as attracting undesirable people who would loiter in common hallways. Defendants also complained that there was a sewer problem and a hole in a wall.

The plaintiff, Joseph Brugger, purchased the rental property from the Iversons on January 5, 1979, subject to and together with the Fonoti lease and the leases of six other occupying tenants. Thereafter, the defendants complained to the plaintiff about the same problems that had previously existed. He corrected the sewer problem and arranged to have the noise from the disco reduced. Plaintiff also hired a security guard on a limited basis to patrol the area of the restaurant. No leak in the roof or hole in the wall was ever found.

Sometime in August 1979, the exhaust fan in the kitchen of the restaurant broke causing smoke to fill the building. Plaintiff replaced the fan as soon as was possible but the restaurant had to be closed over a weekend. On August 14, 1979, the defendants quit the premises claiming that the problems mentioned above had proved fatal to their business. They were then behind in their rent and had not paid the utility bills since April. Plaintiff thereafter relet the premises to new tenants at the same rent.

In response to plaintiff's action for breach of lease and damages, defendants claim that they were constructively evicted from the premises as a result of the disco noise, lack of maintenance and associated problems. The trial court judge found against the defendants.

Defendants urge us to overturn the findings of the trial judge contending that the facts as presented at the trial mandate a finding of constructive eviction.

Constructive eviction occurs where a tenant's right of possession and enjoyment of the leased premises is interfered with by the landlord, or persons under his control, as to render the premises, or a part thereof, unsuitable for the purposes intended. Defendants assert that plaintiff's failure to repair the sewer and other problems constituted a breach of the lease agreement and a constructive eviction thereby excusing defendants from the payment of the rent. A tenant must, however, abandon the premises within a reasonable time after the alleged interference. *Thirteenth and Washington Sts. Corp. v. Neslen, et al.*, 123 Utah 70, 254 P.2d 847 (1953). The record shows that defendants first complained of the disco noise and physical problems in January 1979 but continued in possession until August of that year. Furthermore, although breach of a landlord's covenant to repair may constitute constructive eviction, where the maintenance problems were remedied within a reasonable time, constructive eviction does not occur. See generally 49 Am. Jur.2d, Landlord and Tenant, § 617. Specifically, the trial judge stated in his memorandum decision that:

> Defendants' basic complaints were that the toilet overflowed a couple of times, the roof leaked, and an exhaust fan failed when they were closed for a few days. *These appear to be nothing other than the normal problems encountered with most any building, and were each taken care of as soon as reasonably possible.* The main concern appears to be the disco in the basement. I find that the disco was a disturbance, but that in relation to the total operation of the cafe, the noise and the kids in the hall would have a very limited effect on the defendants' operation. [Emphasis added.]

It is a well established rule that this Court will review the evidence and all inferences to be drawn therefrom most favorable to the findings of the trier of fact. *Smith v. Gallegos*, 16 Utah 2d 344, 400 P.2d 570 (1965). In doing that, we find the

findings to be supported by competent evidence.

Judgment affirmed. Costs to Plaintiff.

HALL, C. J., and STEWART, OAKS and DURHAM, JJ., concur.