**Richard BARTON dba Squire's Antiques, Plaintiff and Appellant,**

*v.*

**MTB ENTERPRISES, INC., a Utah corporation, Defendant and Appellee.**

No. 930807–CA.

Court of Appeals of Utah.

Jan. 31, 1995.

Donald J. Winder, Robert D. Tingey, and John W. Holt, Salt Lake City, for appellant.

Richard N. Cannon, Salt Lake City, for appellee.

Before BILLINGS, DAVIS and JACKSON, JJ.

## OPINION

BILLINGS, Judge:

Richard Barton (Barton) appeals the summary judgment in favor of appellee MTB Enterprises, Inc. (MTB). Barton contends the trial judge erroneously determined as a

matter of law that service of a notice to pay or quit upon a tenant who is not in arrears, and who vacates the premises, does not constitute a constructive eviction. We affirm.

## FACTS

The parties entered into an oral lease in May 1991, whereby Barton leased property from MTB to conduct a retail business. By its terms the lease was for a month-to-month tenancy. When the lease was signed, Barton paid MTB $10,500 in advance, $3,500 of which Barton contends constituted the last month's rent. MTB asserts that sum was merely a security deposit and not a rental payment.

On November 19, 1991, Barton sent MTB a letter informing it that the leased space was not suitable for his business; that Barton believed the lease payment to be too high; and that if a new lease agreement could not be reached, Barton would be vacating the premises by December 21, 1991, the date through which Barton believed he had prepaid the rents. On November 20, 1991, MTB faxed a response to Barton's letter and served him with a three-day notice to pay or quit, alleging that Barton was then in default on the November 15 rental payment.

Almost immediately, Barton vacated the premises and entered into a new lease elsewhere. He subsequently filed suit, alleging that MTB's notice to quit constituted a constructive or wrongful eviction and that he suffered damages as a result. MTB filed a motion for summary judgment, asking the court to dismiss Barton's complaint, arguing that the notice alone did not constitute a constructive eviction. The court granted MTB's motion and this appeal followed.

## ANALYSIS

■ Under Utah law, as elsewhere, a constructive eviction "occurs where a tenant's right of possession and enjoyment of the leased premises is interfered with by the landlord ... as to render the premises, or a part thereof, unsuitable for the purposes intended." *Brugger v. Fonoti*, 645 P.2d 647, 648 (Utah 1982). In order for a constructive eviction to occur, a tenant must abandon the premises within a reasonable time following the landlord's interference. *See id.* (citing *Thirteenth & Washington Sts. Corp. v. Neslen*, 123 Utah 70, 254 P.2d 847 (1953)). "[T]he whole point of 'constructive eviction' is that the landlord basically drove the tenant out through the landlord's action or inaction." *Kenyon v. Regan*, 826 P.2d 140, 142 (Utah App.1992) (citing *Fernandez v. Purdue*, 30 Utah 2d 389, 518 P.2d 684 (1974)). Thus, both a vacation of the premises by the tenant and a substantial interference by the landlord are prerequisites to a suit for constructive eviction. *See Neslen*, 123 Utah at 75–76, 254 P.2d at 850.

■ Whether a landlord's alleged wrongful service of a three-day notice to pay rent or quit constitutes a constructive eviction is a question of first impression in Utah. The majority of courts that have considered whether service of a notice to quit, without malice or harassment on the part of the landlord, constitutes a constructive eviction have held that it does not, even if the tenant chooses to vacate. These courts have adopted the view that:

> "[A] *mere notice* to the tenant to quit, followed by his vacation of the premises, *is not of itself sufficient to constitute an eviction and give the tenant a right to damages.* The theory being that to constitute a constructive eviction there must be some substantial interference which is injurious to the tenant's beneficial use and enjoyment of the premises.*"

*Kaplan v. McCabe*, 532 So.2d 1354, 1356–57 (Fla.Dist.Ct.App.1988) (emphasis added) (quoting R.P. Davis, Annotation, *Tenant's or Subtenant's Right to Damages for Claimed Constructive Eviction or Breach of Covenant Based Upon Notice to Tenant to Vacate or Other Termination Notice*, 14 A.L.R.2d 1450, 1451 (1950)); *see, e.g., Nygard v. Juneau Yacht Club*, 126 F.Supp. 535, 536 (D.Ala. 1954) (adopting majority rule that mere notice to quit, followed by vacation of premises, is not itself sufficient to constitute constructive eviction); *Lindenberg v. MacDonald*, 34 Cal.2d 678, 214 P.2d 5, 8–9 (1950) (holding that sublessee, who vacated upon notice, could not recover for constructive eviction in absence of showing that lessor acted in bad

faith); *Asell v. Rodrigues*, 32 Cal.App.3d 817, 108 Cal.Rptr. 566, 570–71 (1973) (holding notice to quit is evidence that tenant did not leave voluntarily but, absent showing of malice, action for constructive eviction may not stand where there has been no physical interference with leased premises); *Michaux v. Koebig*, 555 S.W.2d 171, 177 (Tex.Ct.App. 1977) (holding "[m]ere notice to quit, followed by peaceful vacation of the premises, is not sufficient to constitute a claim of constructive eviction"); *Cavalier Square v. Alcoholic Beverage Control*, 246 Va. 227, 435 S.E.2d 392, 395 (1993) (holding threat by lessor to resort to legal process, when made in good faith, is not intentional conduct supporting finding of constructive eviction); *Gibson v. Thisius*, 16 Wash.2d 693, 134 P.2d 713, 714 (1943) (noting that "[i]t has been broadly stated in some cases that mere notice to quit, followed by vacation of the premises by the tenant, is sufficient to constitute a constructive eviction," but finding that in most such cases there were other harassing incidents disturbing tenant's peaceful possession of property and holding that threat made in good faith to

resort to legal process does not constitute constructive eviction).[1]

■ The trial court's ruling is consistent with previously announced Utah law regarding constructive eviction. MTB did not act maliciously, or otherwise coerce or harass Barton into vacating the premises prior to December 21, 1991. MTB believed in good faith that Barton owed it rent when it served the three-day notice to pay rent or quit. Further, in a letter dated November 26, 1991, MTB stated its acceptance of Barton's intent to vacate the premises and purportedly withdrew its notice. By that date, however, Barton had substantially moved its inventory to another location. We therefore agree with the trial court that there was no constructive eviction as a matter of law.

DAVIS and JACKSON, JJ., concur.

---

1. Barton contends that other courts have held a constructive eviction occurs when a lessor wrongfully serves a notice to quit upon a tenant who thereafter vacates. *See Dobbins v. Paul*, 71 N.C.App. 113, 321 S.E.2d 537, 540 (1984) (holding that "[w]hen a wrongful demand or notice to quit or vacate leased premises is made by a lessor, or landlord, and is followed by immediate surrender of possession by the lessee, or tenant, a constructive eviction has been accomplished"); *see also Ruotal Corp., N.W., Inc. v. Ottati*, 391 So.2d 308, 309 (Fla.Dist.Ct.App.1980) (finding a jury could reasonably infer that lessee's compliance with notice was coerced and that triable issue existed regarding whether lessor had rental and security deposit available to it to cover past

due rents). These cases, however, are distinguishable.

In *Dobbins*, the lessee had not yet taken possession of the house when the lessor demanded that she remove her belongings and return the keys. She was not served a three-day notice, nor was she presented any other alternative than immediately vacating the premises. In *Ruotal*, the court did not expressly rule that a constructive eviction occurs when a lessor wrongfully serves a notice to quit upon a tenant who thereafter vacates, but merely upheld the trial court's decision that triable issues existed regarding whether the tenant should be relieved of its obligation to pay rent. We therefore do not find these cases helpful.